CENTERS et al., Appellants,

v.

LEISURE INTERNATIONAL, INC., Appellee.

[Cite as *Centers v. Leisure Internatl., Inc.* (1995), 105 Ohio App.3d 582.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA95–05–092.

Decided Aug. 7, 1995.

*Rosenhoffer, Nichols & Schwartz, Jeffrey S. Schwartz* and *Kenneth M. Miller,* for appellants.

*Isaac, Brant, Ledman & Teetor* and *David E. Ballard,* for appellee.

KOEHLER, Judge.

Plaintiffs-appellants, Earl and Cynthia Centers, appeal the decision of the Butler County Common Pleas Court granting summary judgment to defendant-appellee, Leisure International, Inc., owner and operator of Americana Amusement Park ("Americana"), in a case arising from a slip and fall on appellee's premises. We affirm.

On July 27, 1992, appellants visited Americana with their two children and their niece and nephew. That afternoon, appellant Earl Centers rode the Calypso, a circular amusement ride. The Calypso consists of a wooden carousel platform which rotates and individual passenger cars which spin on radial arms attached to a center axis. The carousel is surrounded by a wooden boardwalk which sits approximately five inches below it, requiring riders to step up onto the carousel platform to board the cars. The boardwalk was painted a bright blue, and the carousel was painted in a geometric pattern of bright blue, yellow and red.

While appellant was exiting the Calypso after the ride, he stepped off the carousel platform onto the boardwalk with his right foot and fell, sustaining a knee injury which required subsequent surgery. Appellants filed a negligence action alleging that the defective condition of the Calypso ride constituted an unreasonably dangerous hazard in that an exiting rider could not discern the step down from the carousel platform to the boardwalk. Specifically, appellants alleged that the "psychedelic" paint scheme used on the carousel and boardwalk "camouflaged" the step, especially when combined with a ride that is designed to leave patrons "dizzy and disoriented."

The trial court granted appellee's summary judgment motion, finding that appellant encountered the same condition when he stepped up to the platform as he did when he fell upon exiting the ride. The court concluded that appellant's prior knowledge relieved appellee of any duty to warn appellant about a condition of which he was already aware. Appellants' sole assignment of error on appeal is as follows:

"The trial court committed prejudicial error in granting the defendant's motion for summary judgment where there existed negligence on the part of the defendant and where there existed genuine issues of material fact, regarding whether defendant breached its duty of care and whether such breach was the proximate cause of plaintiff's injuries."

█ Summary judgment will be granted where there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion for summary judgment is made. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. In this case, the trial court held as a matter of law that appellee did not owe a duty to appellant, who it is agreed was a business invitee at Americana.

█ A shopkeeper, although not an insurer of the customer's safety, owes business invitees a duty of ordinary care to maintain the premises in a reasonably safe condition for their protection. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474. A shopkeeper is under no duty, however, to protect business invitees from dangers known to the invitee, or those so obvious and apparent that the invitee may reasonably be expected to discover them and protect himself from them. *Id.* This rule applies equally to owners and operators of amusement parks. *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 359, 12 O.O.3d 321, 322, 390 N.E.2d 810, 812–813.

In *Raflo v. Losantiville Country Club* (1973), 34 Ohio St.2d 1, 63 O.O.2d 1, 295 N.E.2d 202, cited by appellee, Raflo entered the county club via an "abnormally

high" step. Upon leaving the club by the same door, she fell on the step and was injured. The Ohio Supreme Court held that Raflo's prior knowledge of the step's existence and consequently her failure to avoid a known peril justified the grant of summary judgment to the country club.

A similar result was reached in *Reinhardt v. Cedar Point, Inc.* (Nov. 1, 1991), Erie App. No. E–91–13, unreported, 1991 WL 225107. In that case, Reinhardt entered a restaurant via a flight of steps. It had become dark outside when Reinhardt exited the restaurant some ninety minutes later and fell on the unlighted stairway. In affirming the grant of summary judgment to the restaurant, the Sixth District Court of Appeals held that the restaurant owed Reinhardt no duty because she had knowledge of the existence of the stairs. The court noted the restaurant-appellee's observation that the onset of darkness created no additional duty because darkness itself provides a warning of danger.

Appellants cite *Shaw v. Cent. Oil Asphalt Corp.* (1981), 5 Ohio App.3d 42, 5 OBR 45, 449 N.E.2d 3. In that case, the oil company truck driver had to climb a flight of steps to open and shut the lid to his truck when it was filled. The driver went up and down the steps to open the lid, then was climbing back up to shut it when he tripped on a bent stair tread, fell, and was injured. The appellate court reversed the grant of summary judgment to the oil company, concluding that the driver's prior knowledge of the flight of stairs was not enough to charge him with notice of the condition of one particular step. We find *Shaw* distinguishable in that it involved a defective step. In the case now before us and the other cases referred to above, the steps involved were not defective in any respect.

We find the result in *Raflo* and in *Reinhardt* applicable to this case. Appellant had to step up from the boardwalk to the carousel platform to board the Calypso ride. He thus had knowledge of the step's existence. The boardwalk and carousel were painted with the same color scheme when appellant got on the ride and when he got off less than five minutes later. One would expect to become dizzy on a ride with not only a rotating carousel platform but individual cars spinning independently of the platform on radial arms. A ride patron who exits a ride in a dizzy condition should be alerted to exercise an appropriate level of caution to protect himself.

We hold that reasonable minds could not differ in concluding that appellant Earl Centers had prior knowledge of the step between the boardwalk and the carousel platform on the Calypso ride. Because of that knowledge, appellee had no duty to warn appellant of the step and was entitled to judgment as a matter of law. Therefore, the trial court properly granted summary judgment in appellee's favor. Appellants' assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.