I must respectfully dissent from the majority's decision in this case because I believe that we are bound by this court's prior decisions in Centers v. Leisure Internatl., Inc (1995),105 Ohio App.3d 582, and Tieman v. Royal Athletics (May 20, 1996), Clermont App. No. CA96-01-001, unreported. These decisions hold that a plaintiff may not recover in tort against a defendant for injuries he or she sustained in a slip and fall where the plaintiff knew of the dangerous condition which caused the fall, but failed to take precautions to protect herself against the known peril. As in Centers and Thieman, I believe that the water accumulation in this case was an open and obvious danger which Carole Mazzaferri was required to take reasonable precautions to protect herself against. Therefore, I concur with the trial court's conclusion that Carole Mazzaferri's own negligence was the proximate cause of her slip and fall injury and that summary judgment was appropriate in this case.