OPINION
Plaintiff-appellant, Barbara Menke, appeals a judgment of the Butler County Common Pleas Court sustaining a motion for summary judgment filed by defendants-appellees, Ted and Maryrose Beerman. Appellant asserts the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Appellant, a business invitee, went to appellees' store, Center Stage Video, on High Street in Oxford, Ohio to rent video tapes. She had no difficulty entering the store. She rented three videos and departed from the store. As she exited the front door onto the sidewalk, appellant stepped partially into a hole that was three-quarters of an inch deep on the sidewalk and broke a bone in her left foot. She filed suit alleging negligence in failing to maintain the sidewalk and failure to warn of the danger presented by the defective sidewalk.
In her deposition, appellant stated that she was not looking down as she stepped into the hole and did not see the hole, but that she would have been able to see the hole if she had looked down. Appellant's affidavit submitted with the memorandum contra to the motion for summary judgment stated that her "eyesight was easily diverted from the defect in the sidewalk by other pedestrians, traffic or other conditions."
The trial court, after setting forth the correct legal standard for ruling on a summary judgment motion, concluded that the defect in the sidewalk was insubstantial as a matter of law, citing Kimball v. Cincinnati (1953), 160 Ohio St. 370, for the reason that the defect was only three-fourths of an inch deep. In Cash v. Cincinnati (1981), 66 Ohio St.2d 319, the supreme court opined that all attendant circumstances should be considered in determining liability for defects in sidewalks occasioning injuries. While the phrase "attendant circumstances" in this context has not been completely defined, it refers to all facts relating to the event, such as time and place, the surroundings or background of the event, and the conditions then existing, as would unreasonably increase the normal risk of a harmful result of the event. Id.
The trial court found, and the record supports the finding, that there was no evidence that appellant was distracted. Neither does appellant's affidavit contain specificity which would identify attendant circumstances reasonably leading to a finding of increased risk. The hole in the pavement was open and obvious and could have been seen by appellant if she had looked. Paschal v. Rite Aid Pharmacy (1985), 18 Ohio St.3d 203. Appellant's entry into the store through the front door was uneventful and there is no reason to believe that other than the same defective sidewalk condition existed when she exited the store. Centers v. Leisure Entertainment International, Inc. (1995), 105 Ohio App.3d 582.
The trial court correctly sustained appellee's motion for summary judgment. The assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.