DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-Appellant, Cassandra Newhardt, appeals from the decision of the Summit County Court of Common Pleas granting summary judgment in favor of the Defendants-Appellees, Norton Health Foods and Fred W. Albrecht Grocery Company, on her tort claim for injuries sustained when she fell while exiting Appellees' premises. We affirm.
 I.
On June 20, 1994, Appellant and her two nieces visited the Norton Health Food store for the first time. She entered through the store's front door, traversing the single 6" step leading from the sidewalk to the doorway. Appellant spent several minutes browsing and looking at the store's selection of vitamins and dietary supplements. Appellant claims that the store's proprietor began to verbally assault her and her nieces. Because of this, Appellant decided to leave the store and informed the owner that she would return at another time to look at the store's products. As she exited the store, Appellant fell to the ground and injured her right ankle. Appellant claims that she failed to remember or notice the front step upon her exit because she was distracted by the actions of the store owner and her "barrage of religious preaching."
Appellant's ankle was broken when she fell, and she alleges that she has suffered serious complications as a result of her injury and the medical treatment she received. In February 1996, Appellant filed a complaint against Norton Health Foods and Fred W. Albrecht Grocery Company, the company that leases the premises to Norton Health Foods.[1]
On March 18, 1997, the trial court issued an order ruling in favor of Appellees on their motions for summary judgment. The trial court found that Appellees were entitled to judgment as a matter of law because:
 as there is no allegation that she was physically pushed down the step, the owner's following behind her as she was leaving does not relieve [Appellant] of her duty to protect herself from a potential hazard of which she is charged with knowledge under Ohio law.
 II.
Appellant has filed a timely appeal. In her sole assignment of error, she maintains that the trial court erred in granting Appellees' motions for summary judgment. Appellant acknowledges that a store owner has no duty to warn an invitee of perils that are open and obvious. However, Appellant argues that her alleged contributory negligence in failing to step down should be excused because she was hurried, confused, and distracted when she left the store due to the store owner's alleged harassment. Appellant states that questions concerning her contributory negligence, as well as whether or not she was exercising the proper degree of care and caution, are matters involving genuine issues of material fact that must be left to the jury.
In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court.Perkins v. Lavin (1994), 98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is not proper unless "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589. Doubts must be resolved in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686.
A defendant moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact on an essential element of the plaintiff's claim. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429. Only then is there a reciprocal burden on the plaintiff to respond by showing that there are genuine issues of material fact to be tried. Id. A fact is "material" only if it has the potential to affect the outcome of the lawsuit, and a dispute is "genuine" only if it allows reasonable minds to return a verdict for the nonmoving party. See Franjesh v. Berg (Oct. 2, 1996), Summit App. No. 17534, unreported, 18, citing Anderson v. Liberty Lobby, Inc.
(1986), 477 U.S. 242, 248-53, 91 L.Ed.2d 202, 211-214.
Appellant's "distraction" theory is not applicable to this case. Whatever facts may be in dispute are not material because Appellees are entitled to judgment as a matter of law due to the fact that they owed no duty to warn Appellant of an open and obvious condition of which Appellant was already aware. The issue of Appellant's contributory or comparative negligence would only be relevant if there was the possibility of an initial finding of negligence on the part of the store owner and property lessor.
It is well-settled that in order to establish a cause of action for negligence, one must show the existence of a duty of care to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach. See, e.g., Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77; Keister v.Park Centre Lanes (1981), 3 Ohio App.3d 19, 22-23. In order to determine if the trial court properly granted summary judgment, this Court must examine the duty owed by a business owner to a business invitee.
An owner and occupier of a business owes an invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that customers are neither unnecessarily nor unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203; Perry v. Eastgreen Realty Co. (1978),53 Ohio St.2d 51, 53. There are limitations to this duty. An owner and occupier does not owe a duty to protect an invitee against dangers known to the invitee or that are so obvious and apparent to the invitee that he or she may reasonably be expected to discover them and protect against them. Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, at paragraph one of the syllabus.
Moreover, courts have found that liability usually attaches only where the condition is "unreasonably dangerous." Baldauf v.Kent State Univ. (1988), 49 Ohio App.3d 46, 48. In Baldauf, the court considered the case of a student who was injured in a fall on a step which was in need of repair, but was not "crumbling." The court found that where the defect is insubstantial and of a type that the public commonly encounters, no liability attaches.Id. at 49.
In the case at bar, there have been no allegations that the single, 6" step at the front entrance was in poor condition or that its height was excessive or violative of any code requirements. This type of step appears to be a commonly encountered object which would not give rise to any duty to warn. See Baldauf, supra. Such a duty arises only where there are actual dangers on the premise and the owner or occupier's knowledge of those dangers is superior to that of the visitor.Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 359. InJackson, the Ohio Supreme Court described the duty to visitors as follows:
 This includes the duty to warn patrons of dangerous conditions known to, or reasonably ascertainable by, a proprietor which a patron should not be expected to discover or protect himself against.
Accordingly, the proprietor's duty is normally predicated upon his superior knowledge of a dangerous condition on his premises.
Id.. (Emphasis added.)
Even if we were to assume arguendo that this ordinary step was a "dangerous condition," in order to construe the facts in a light most favorable to the non-moving party, Appellees had no superior knowledge of the step. Appellant was on notice of the existence of the step by virtue of having used it to enter the store only five minutes prior to the accident. As this Court has previously stated, when a plaintiff necessarily uses a step of a certain height to enter a room, that plaintiff is charged with the knowledge of the height of the step when exiting the room. A.J.Nemer v. Kerkian dba Sarah's Deli (Feb. 5, 1992), Summit App. No. 15153, unreported, at 3. This has long been the rule in Ohio. See Raflo v. Losantiville Country Club (1973), 34 Ohio St.2d 1, paragraph two of the syllabus; Centers v. Leisure Internatl., Inc.
(1995), 105 Ohio App.3d 582, 585. Appellant's notice of the existence of the step upon entering the premises negated any duty to warn on the part of Appellees.
Appellant acknowledges that she had notice of the step, but she argues that her alleged "distraction" by the shopkeeper as she left the store excused her from having any responsibility to recall or notice the existence of the step. The problem with this argument is that Appellant's contributory negligence was never an issue in the court below. Appellees never argued that they were entitled to summary judgment due to Appellant's own negligence; they simply argued that no duty was ever owed to Appellant to warn of open and obvious dangers of which Appellant was already aware. The issue of Appellant's own negligence was never reached, and therefore, Appellant's distraction theory is not applicable to this case.
 III.
Appellees were entitled to summary judgment because, as a matter of law, they had no duty to warn Appellant of the existence of a step which Appellant was already aware existed. Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, J.
DICKINSON, J. CONCUR.
[1] The same complaint also alleged medical malpractice actions against Dr. Thomas C. Stan, Dr. Jeffrey Noble, Crystal Anesthesia Consultants, Inc., Orthopedic Surgeons, Inc. and Crystal Clinic Surgery Center, Inc. The medical malpractice claims were either dismissed or disposed of in summary judgment and are not a part of this appeal.