OPINION
Plaintiff-appellant, Eileen Yahle, appeals a decision of the Clinton County Court of Common Pleas granting summary judgment to defendant-appellee, Historic Slumber Ltd., in an action filed by appellant for injuries she sustained in a fall.
Appellant and friends checked into appellee's hotel on April 20, 1998. Appellant and her friends had spent two nights at the hotel less than a week before. When checking in, they requested the same room in which they had previously stayed. The room has an approximately six-inch step from the entryway onto an elevated threshold and bathroom floor. Appellant and her friends had drinks at the hotel dining room. Appellant then went upstairs to the hotel room. She tripped and fell as she attempted to go into the bathroom of the hotel room. Appellant sustained injuries to her face and head in the fall.
On March 17, 2000 appellant filed a complaint against appellee for her injuries. The trial court granted summary judgment to appellee, finding that the hotel owed no duty to appellant because the step was an open and obvious danger.
Appellant appeals the trial court's decision to grant summary judgment to appellee and raises the following single assignment of error:
 THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW.
Summary judgment is appropriate pursuant to Civ.R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The party seeking summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claim. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. "[I]f the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate shall be entered against the nonmoving party." Id. Our standard of review on summary judgment is de novo. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440.
Appellant contends that the trial court erred by finding that the open and obvious doctrine is a complete bar to recovery. She contends the reasonableness of her conduct and the issue of whether the elevated bathroom entrance was unreasonably dangerous are questions that should be decided by a jury.
To avoid summary judgment in a negligence action, the plaintiff must show: (1) the defendant owed her a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77. It is undisputed that appellant was a business invitee for all purposes pertinent to this appeal. An owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203.
An owner is under no duty, however, to protect a person from known dangers or dangers which are so obvious and apparent that the person should reasonably be expected to discover them and protect himself from them. Id. at 203-204; see, also, Raflo v. Losantiville Country Club
(1973), 34 Ohio St.2d 1, 4. The rationale behind this doctrine is that the open and obvious nature of the hazard itself serves as a warning and allows the owner to reasonably expect others to discover the danger and take appropriate actions necessary to protect themselves. Simmers v.Bently Constr. Co. (1992), 64 Ohio St.3d 642, 644.
Appellant contends, based on the Ohio Supreme Court's decision inTexler v. D.O. Summers Cleaners Shirt Laundry Co. (1996),81 Ohio St.3d 677, the open and obvious doctrine is not a strict bar to recovery. In Texler, the plaintiff was injured when she tripped over a bucket filled with concrete that the defendant had placed on a sidewalk to prop open a door. A jury found the defendant 100 percent negligent, and that the negligence was the proximate cause of the plaintiff's injuries. The defendant filed a motion for judgment not withstanding the verdict or, in the alternative, for a new trial. The trial court denied both motions. On appeal, the defendant argued that the trial court should have determined on the motions that, as a matter of law, the plaintiff contributed over 50 percent of the negligence involved in the accident, thereby precluding a judgment in her favor. The court addressed the issue of whether a reasonably prudent person would have anticipated that an injury would result from walking normally on the sidewalk and found that reasonable minds could differ as to the proper distribution of negligence between the parties.
As mentioned above, appellant contends that, based on Texler, the open and obvious doctrine is not a complete bar to recovery. Instead, appellant argues that the open and obvious doctrine should be examined in determining a plaintiff's contributory negligence.
We begin our analysis by recognizing that after Ohio's adoption of a comparative negligence standard and the court's decision in Texler there has been considerable confusion regarding the proper application of the open and obvious doctrine in relation to issues involving a plaintiff's contributory negligence. In a case decided after the enactment of Ohio's comparative negligence statute, the Ohio Supreme Court reiterated the common law rule that the open and obvious doctrine governs a landowner's duty to invitees. Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642. However, the court found that the doctrine was inapplicable to the independent contractor at issue in that case and did not further elaborate on the relationship of the doctrine in light of Ohio's adoption of comparative negligence. Id. Since the Ohio Supreme Court's decision in Texler, we have continued to analyze the open and obvious doctrine under the duty element of negligence. See, e.g., Brooks v. Jo AnnStores, Inc. (Nov. 13, 2001), Butler App. No. CA2001-05-107, unreported;Hart v. Dockside Homes, Ltd. (June 11, 2001), Butler App. No. CA2000-11-222, unreported. However, some courts of appeals have held that after Texler the open and obvious doctrine is no longer applicable to completely bar recovery, and instead is a consideration in a comparative negligence analysis. See, e.g., Schindler v. Gales SuperiorSupermarket (Apr. 5, 2001), Cuyahoga App. No. 78421, unreported. However, a careful analysis of Texler reveals that the court's decision did not replace the common law rules regarding the open and obvious doctrine.
In Texler, the Ohio Supreme Court phrased the issue to be decided as whether "as a matter of law the appellant contributed over fifty percent of the negligence involved in the accident and was therefore not entitled to judgment." Texler, 81 Ohio St.3d at 679. The court did not address the issue of the defendant's duty or breach of that duty because these elements had already been conclusively determined at trial. The appellate court's decision states that the plaintiff had established both duty and breach of duty by demonstrating negligence per se in the defendant's breach of a municipal ordinance. Texler v. D.O. SummersCleaners Shirt Laundry Co. (Nov. 27, 1996), Cuyahoga App. No. 69523, 1996 WL 684329 at *2, overruled by (1996), 81 Ohio St.3d 677. Because the defendant's negligence had already been established, the issue of whether the open and obvious doctrine acted to negate an element of the defendant's duty was not before the court on appeal. Instead, the narrow issue before the court involved only the issue of the plaintiff's contributory negligence, which involves the proximate cause element of negligence.
Pursuant to the comparative negligence statute, a plaintiff is not entitled to recover for negligence on the part of a defendant if the plaintiff's own negligence was greater than 50 percent. See R.C. 2315.19. Thus, the Texler court analyzed the facts of the case as they related to the plaintiff's duty to watch where she was walking to determine whether, as a matter of law, the plaintiff's negligence was greater than 50 percent. The court found that because reasonable minds could differ as to the proper distribution of negligence between the parties, the defendant's motion for judgment not withstanding the verdict was properly overruled. Thus, Texler was a case involving the plaintiff's contributory negligence, not a case involving a landowner's duty of care.
Accordingly, we find that the open and obvious doctrine is not inconsistent with comparative negligence principles and the Ohio Supreme Court's decision in the Texler case. See Anderson at 604; Nelson v.Sound Health Alternatives Intl. Inc. (Sept. 6, 2001), 2001 WL 1085298 at *7, Athens App. No. 01CA24, unreported; Whitelaw v. Fifty-Five RestaurantGroup, Ltd. (Jan. 25, 2001), 2001 WL 58736 at *3, Franklin App. No. 00AP-668, unreported. The question of comparative negligence is never reached if a court determines that a landowner has no duty. Anderson v.Ruoff (1995), 100 Ohio App.3d 601. It is important for courts to distinguish between a defendant's duty of care and a plaintiff's contributory negligence because issues of comparative negligence are for the trier of fact unless the evidence is so compelling that reasonable minds can only come to one conclusion. Simmers, 64 Ohio St.3d at 646
fn. 2; Carrozza v. Olympia Management, Ltd. (Sept. 2, 1997), Butler App. Nos. CA96-11-228, CA96-11-234, unreported. On the other hand, the existence of duty in a negligence action is a question of law for the court to determine. Mussivand v. David (1989), 67 Ohio St.3d 314, 318.
We now turn to the facts of the case at bar to determine whether the elevated step in the hotel room was an open and obvious danger. Less than a week before the accident, appellant stayed in the same hotel room for two days. She admits that the condition of the room had not changed. Landowners do not have a duty to warn an invitee of conditions when the invitee has prior knowledge of the conditions. See Raflo v.Losantiville Country Club (1973), 34 Ohio St.2d 1, paragraph one of the syllabus; Centers v. Leisure Intl. (1995), 105 Ohio App.3d 582; Tiemanv. Royal Athletics (May 20, 1996), Clermont App. No. CA96-01-001, unreported. We find the elevated step was an open and obvious condition from which appellant should have taken measures to protect herself. SeeWallace v. Geyer (Aug. 24, 1998), Butler App. No. CA98-04-089, unreported.
Appellant also contends that the step was unreasonably dangerous. However, we find no unusual features which make the step unreasonably dangerous to the extent that would relieve appellant of her duty to discover the danger and take appropriate actions necessary to protect herself. The step at issue was approximately six inches high and clearly visible. Appellant herself was aware that the step was there as she had spent two nights in the exact same room less than a week before. Accordingly, we find the open and obvious nature of the step obviated appellee's duty to appellant. Because appellant has not established the duty element of her negligence action, summary judgment was properly granted to appellee by the trial court. Appellant's assignment of error is overruled.
WALSH and POWELL, JJ., concur.