OPINION
{¶ 1} Plaintiff-appellant Rosalee McCrae appeals the Mahoning County Common Pleas Court's denial of her Motion for New Trial and Motion for Judgment Notwithstanding the Verdict (JNOV). Two issues are presented to this court. The first issue is whether the trial court abused its discretion in denying the motion for new trial. The second issue is whether the trial court erred in denying the motion for judgment notwithstanding the verdict (JNOV). For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS AND CASE {¶ 2} On May 19, 1995, while shopping in defendant-appellee's Wal-Mart Stores, Inc. d.b.a. Sam's Club (referred to as Sam's Club) store in Boardman, Ohio, McCrae was injured when she was hit in the back with shopping carts. Upon entering the store, McCrae went to retrieve a shopping cart from the cart corral. The cart corral consisted of approximately eight rows of carts. The shopping carts were made of metal and each weighed approximately 75 pounds. On that day it was Tim Schrode's, an employee of Sam's Club, job to move shopping carts from the parking lot to the cart corral.
 {¶ 3} Schrode had gathered six or seven shopping carts from the parking lot. Upon entering the store with the six or seven shopping carts, Schrode noticed that multiple customers were in the corral area. Thus, he stopped moving the carts and waited for the corral area to clear so that he could push the carts into place. McCrae was one of the customers in the corral area. After a few minutes, the cart corral area cleared to the point that Schrode thought it would be safe to push the carts into place.
 {¶ 4} McCrae was selecting a cart from one of the rows to the left of Schrode. She testified that the cart was stuck so she reached to the row to her right to try to get a cart from that row. She claims that when that cart was half way out she stepped in front of it to pull the rest of it out and that is when she was hit in the back with the carts Schrode was pushing into place.
 {¶ 5} Schrode testified that McCrae moved to her right to get a cart and walked directly in his path. He claims that he did not have time to stop the carts. He testified that at the time he began pushing the carts into place he was aware that McCrae was in the cart corral, but that she was two rows away from where he was directing the carts. He claimed that he believed this was a safe distance.
 {¶ 6} It is undisputed that at no time did McCrae ever turn her head to look behind her to notice the line of carts coming at her. Furthermore, both McCrae and Schrode testified that Schrode did not give a verbal warning that he was moving with the carts.
 {¶ 7} Being hit in the lower back with the carts caused injury to McCrae's back. Due to her injury, McCrae filed a personal injury suit against Sam's Club on January 23, 1997, which was voluntarily dismissed on September 20, 1997, but then refiled on June 2, 1999. The jury trial commenced on September 13, 2004.
 {¶ 8} The trial lasted three days, after which the jury returned a general verdict in favor of Sam's Club. However, interrogatories were submitted to the jury. Jury interrogatory number one read, "Has Plaintiff proven by a preponderance of the evidence that Defendant Sam's Club was negligent?" The jury answered this interrogatory in the negative.
 {¶ 9} McCrae then filed a timely Motion for JNOV and/or New Trial. The trial court denied both motions. McCrae timely appeals from that decision raising two assignments of error.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 10} "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING PLAINTIFF'S MOTION FOR NEW TRIAL."
 {¶ 11} McCrae moved for a new trial under Civ.R. 59(A)(6). This subsection states that, "A new trial may be granted * * * upon any of the following grounds: * * * (6) The judgment is not sustained by the weight of the evidence; * * *." The trial court overruled the motion.
 {¶ 12} We review the denial of a motion for new trial under an abuse of discretion standard of review. State v. Hawkins (1993),66 Ohio St.3d 339, 350. In order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} The trial court, when considering a motion for new trial on the manifest weight of the evidence, has a duty to review the evidence submitted at the trial and to pass upon the credibility of the witnesses and the evidence. Rohde v. Farmer (1970), 23 Ohio St.2d 82. A trial court is not permitted to grant a new trial merely because it would have decided the case differently. Sims v. Rosenblatt (July 31, 2000), 5th Dist. No. 1999CA00332. Rather, a trial court may grant a new trial only if there is no substantial, credible evidence upon which the jury could have arrived at its verdict. Id., citing Gedetsis v. Anthony AllegaCement Contractors, Inc. (Sept. 23, 1993), 8th Dist. No. 64954. An appellate court should view the evidence favorably to the trial court's action. Rohde, 23 Ohio St.3d 82.
 {¶ 14} In support of her position that the weight of the evidence establishes that she did prove some negligence on the part of Sam's Club, she cites to five statements/facts that were made by Schrode and McCrae at trial. The first is that Schrode testified that customers had the "right of way in the cart corral" and constituted hazards. The second is that Schrode waited until all other customers, except McCrae were out of the corral area until he began putting the carts away. The third is that testimony established that McCrae had her back to Schrode the whole time and did not look back to acknowledge him. The fourth is that no verbal warning was given to McCrae that the shopping carts were coming towards her. The final factor is that Schrode failed to look out for McCrae once he started moving the line of carts.
 {¶ 15} McCrae is claiming that all of these statements taken together is an admission from Schrode that Sam's Club was negligent and, thus, the weight of the evidence does not support the verdict. According to McCrae, the trial court abused its discretion when it did not grant the motion for a new trial.
 {¶ 16} We disagree with McCrae that Schrode's statements taken together were an admission that Sam's Club was negligent. While it is true that Schrode at one point does testify that customers in the cart corral were hazards, later on he clarifies his testimony. He states that they are not really hazards, but are obstacles. (Tr. 163). He further explained that McCrae was not a hazard because she was two rows away from where he was putting the carts in. (Tr. 176). He testified that two rows away was a safe distance and that it was not necessary to give a verbal warning in that situation. (Tr. 170, 176). He also stated that he has previously put carts away with customers two rows away. (Tr. 170). He further testified that McCrae was not in the direct line of the carts when he began moving the carts, but she suddenly stepped in front of them right before they hit her. (Tr. 174). Thus, his testimony was not an admission of negligence, but was rather an accounting of how the accident occurred.
 {¶ 17} Therefore, since it was not an admission, we must weigh the evidence and determine whether the trial court erred when it denied the motion for a new trial on the basis of manifest weight of the evidence. As stated above, McCrae brought her action under a theory of negligence. To prevail upon such a claim, she was required to prove by a preponderance of the evidence that Sam's Club owed her a duty of care, it breached that duty, the breach proximately caused her injuries, and that she was damaged.
 {¶ 18} "Under the law of negligence, a defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position." Simmers v. BentleyConstr. Co., 64 Ohio St.3d 642, 645, 1992-Ohio-42. The existence of a duty is a question of law. However, the breach of the duty is a question of fact. The specific acts necessary to fulfill the duty imposed as well as the inferences and conclusions to be drawn from the evidence are ordinarily questions for the trier of fact. Tarkany v. Board of Trusteesof Ohio State Univ. (June 4, 1991), 10th Dist. No. 90AP-1398. Likewise, issues of proximate cause and damages are determinations for the trier of fact. Stone v. Davis (1981), 66 Ohio St.2d 74, 82.
 {¶ 19} It is undisputed that McCrae was a business invitee. As such, Sam's Club owed her a duty of ordinary care in maintaining the premises in a reasonably safe condition and had a duty to warn her of latent or hidden dangers of which it has, or should have, knowledge. Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. See, also, Rogers v.Sears, Roebuck and Co., 1st Dist. No. C-010717, 2002-Ohio-3304. However, Sam's Club was under no duty "to protect business invitees from dangers known to the invitee, or those so obvious and apparent that the invitee may reasonably be expected to discover them and protect himself from them." Centers v. Leisure Internatl., Inc. (1995), 105 Ohio App.3d 582,584, citing Paschal, 18 Ohio St.3d 203.
 {¶ 20} Accordingly, Sam's Club owed McCrae a duty of ordinary care to maintain the premises in a reasonably safe condition. Thus, the questions for the jury were whether Sam's Club breached its duty, i.e. it did not act reasonable, whether Shrode's actions were the proximate cause of her injury, and whether she sustained damages.
 {¶ 21} In determining whether or not the trial court abused its discretion in denying the new trial motion, we must weigh the evidence to determine whether the jury's finding of no negligence on the part of Sam's Club was against the manifest weight of the evidence.
 {¶ 22} As aforementioned, Schrode testified that McCrae was two rows away from the area where he was putting the carts in. (Tr. 176). He testified that this was a safe distance and that it was not necessary to give a verbal warning in that situation. (Tr. 170, 176). He explained that McCrae was not in the direct line of the carts when he began moving the carts, but she suddenly stepped in front of them and that he could not stop the carts from hitting her. (Tr. 174).
 {¶ 23} McCrae's accounting as to what occurred when she was hit with the carts is similar to Schrode's accounting. They both maintain that McCrae moved in front of the carts Schrode was pushing. Furthermore, both contend that McCrae did not turn around to see if the carts were coming at her and that no verbal warning was given by Schrode that he was pushing carts into the corral. The only disputed fact was whether McCrae was one or two rows away from where Schrode was pushing the carts.
 {¶ 24} Thus, when considering those facts, the jury was required to determine whether Schrode's (and by extension Sam's Club's) actions were reasonable. In other words, if a customer was two rows away, is it unreasonable to push carts in without giving a verbal warning to the customer. If the jury considered Schrode's action unreasonable, then it had to determine whether Schrode's action was the proximate cause of the injury and if McCrae sustained damages.
 {¶ 25} The evidence could support both a finding of negligence or a finding of no negligence. As to breach, the jury could have believed Schrode that when a customer is two rows away, it is not unreasonable to push carts into the cart corral without giving a verbal warning to the customer, or the jury could have found that it is unreasonable. While this court tends to philosophically agree with McCrae that there may be a breach of duty when no warning is given in such situations, we cannot utilize that philosophy in the disposition of this appeal. To do so would require us to impermissibly substitute our judgment for that of the jury relative to the issues of proximate cause and McCrae's credibility.
 {¶ 26} The evidence clearly shows McCrae stepped in front of the carts while they were moving. The jury could have concluded that she was the proximate cause of her injury not Sam's Club. The jury may not have believed her testimony as to how the accident occurred, i.e. whether she knew the carts were being moved.
 {¶ 27} Parts of McCrae's testimony did have inconsistencies, which called into question her credibility. For example, when McCrae first testified that prior to this accident she did not have any problems with her back. Later, she admitted that a couple years prior to the accident she went to her family physician and claimed some minor twitching in her back. This created a possible credibility question for the jury to resolve. We are not in the position to resolve questions as to credibility.
 {¶ 28} Thus, when considering that the evidence could support either conclusion, we must conclude that the verdict was not against the manifest weight of the evidence. As stated above, a trial court cannot grant a new trial on the manifest weight of the evidence argument just because it would have decided the case differently. Sims, 5th Dist. No. 1999CA00332. Only when there is no substantial credible evidence to support the verdict can the trial court grant a new trial. Id., citingGedetsis, 8th Dist. No. 64954. Furthermore, since there is a question as to credibility, the trial court did not abuse its discretion in denying the motion for new trial.
 {¶ 29} For all the above stated reasons, the trial court did not abuse its discretion by denying the motion for a new trial. This assignment of error lacks merit.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 30} "WHETHER THE TRIAL COURT ERRED BY NOT FINDING THAT REASONABLE MINDS COULD COME ONLY TO THE CONCLUSION THAT SAM'S CLUB WAS NEGLIGENT TOSOME DEGREE." (Italics in original).
 {¶ 31} After the verdict was announced, McCrae moved for JNOV pursuant to Civ.R. 50(B). The trial court denied the motion.
 {¶ 32} Motions for direct verdict and JNOV employ the same standard.Posin v. A.B.C. Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271, 275. "A motion for directed verdict or JNOV must be granted if `the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party.' Civ.R. 50(A)(4); Nickell v. Gonzalez (1985), 17 Ohio St.3d 136, 137. The court does not engage in a weighing of the evidence or evaluate the credibility of the witnesses; rather, the issue is solely a question of law — did the plaintiff present sufficient material evidence at trial on a claim for relief to create a factual question for the jury? Malone v. Courtyard byMarriott (1996), 74 Ohio St.3d 440, 445." Petro v. Cuyahoga Cty. Bd. OfCommrs., 8th Dist. No. 81358, 2003-Ohio-2188, at ¶ 7, quoting Olive v.Columbia/HCA Healthcare Corp. (Mar. 9, 2000), 8th Dist. Nos. 75249, 76349.
 {¶ 33} An appellate court reviews a motion for JNOV using a de novo standard of review. Bradley v. Cage, 9th Dist. No. 20713, 2002-Ohio-816. Thus, the appellate court employs the same standard as used by the trial court.
 {¶ 34} As with the first assignment of error, Sam's Club is the owner of the premise and McCrae is a business invitee. Thus, Sam's Club owed her a duty of ordinary care in maintaining the premises in a reasonably safe condition.
 {¶ 35} As aforementioned, at trial, Sam's Club presented evidence that customers in the corral area were obstacles, but when they (customers) were a sufficient number of rows away from where the carts were being pushed, the obstacle was lessened. Schrode's testimony established that McCrae, while still in the cart corral, was two rows away from where he was pushing the carts. He also established that McCrae did not turn around and notice him pushing the carts and that when he started to return the carts he did not give verbal warning. He offered his opinion that a customer two rows away was a safe distance for returning carts. He also claimed that he had previously done the same thing without giving a warning and no injury resulted.
 {¶ 36} When this evidence is viewed in the light most favorable to Sam's Club, the nonmoving party, the trial court committed no error in denying the motion for JNOV. Much of the same rationale used under the first assignment of error applies to this assignment of error. The above evidence sufficiently created an issue for the jury as to whether or not Sam's Club acted reasonable and/or was the proximate cause of McCrae's injuries. As such, sufficient material evidence was offered by Sam's Club to present a jury question. Therefore, the trial court did not error by denying the motion for JNOV. This assignment of error lacks merit.
 {¶ 37} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.