BROWN, Appellant,

v.

MARCUS THEATRES CORPORATION, Appellee, et al.

[Cite as *Brown v. Marcus Theatres Corp.*, 154 Ohio App.3d 273, 2003-Ohio-4852.]

Court of Appeals of Ohio,
Fifth District, Fairfield County.

No. 03CA18.

Decided Sept. 10, 2003.

James L. Mann, for appellant.

Douglas Holthus, for appellee Marcus Theatres Corporation.

Christopher C. Tsitouris, for appellee Irwin Seating Company.

FARMER, Judge.

{¶ 1} On December 2, 1999, appellant, Charles Brown, went to a movie theater owned by appellee, Marcus Theatres Corporation. As he was taking his seat in the darkened theater, appellant fell to the bottom supporting brace of the chair due to a missing seat cushion. Appellant sustained injuries.

{¶ 2} On October 10, 2000, appellant filed a complaint against appellee. Appellee filed a third-party complaint against Irwin Seating Company. On June 28, 2001, appellee filed a motion for summary judgment. By decision filed November 18, 2002, and judgment entry filed February 27, 2003, the trial court granted the motion.

{¶ 3} Appellant filed an appeal, and this matter is now before this court for consideration. The assignment of error is as follows:

{¶ 4} "The trial court erred in granting summary judgment to the defendant."

{¶ 5} Appellant claims that the trial court erred in granting summary judgment to appellee. Specifically, appellant claims that the trial court erred in finding that there was a failure "to offer evidence to support any one of the required elements for a breach of the duty owed by a premises owner to its invitees." We agree.

{¶ 6} "Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said Civ.R. 56 was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448, 663 N.E.2d 639:

{¶ 7} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio

St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274."

{¶ 8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212.

{¶ 9} It is undisputed that appellant was a business invitee of appellee. "[A] business invitee must show that a duty was owed, that the duty was breached and that the breach was the proximate cause of the injury." *Mauter v. Toledo Hosp., Inc.* (1989), 59 Ohio App.3d 90, 92, 571 N.E.2d 470. Appellee, "although not an insurer of the customer's safety, owes business invitees a duty of ordinary care to maintain the premises in a reasonably safe condition for their protection." *Centers v. Leisure Internatl., Inc.* (1995), 105 Ohio App.3d 582, 584, 664 N.E.2d 969, citing *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474. However, appellee is under no duty "to protect business invitees from dangers known to the invitee, or those so obvious and apparent that the invitee may reasonably be expected to discover them and protect himself from them." Id.

{¶ 10} The undisputed facts construed most favorably for the nonmoving party are as follows:

{¶ 11} 1) Appellant walked into the darkened theater while carrying refreshments in each hand. He recognized his wife sitting in the back row and approached the aisle where she was sitting. As he turned to look at the screen, he attempted to sit down and fell through an open seat "clear down almost to the floor until [he] hit the strapping at the bottom of the seat."

{¶ 12} 2) No seat cushion was found by appellant or his wife.

{¶ 13} 3) No employee of appellee ever came back to the seat to look for the cushion.

{¶ 14} 4) Cushions popping out of seats has been a recurrent problem since the theater opened in 1998.

{¶ 15} 5) In November of 1999, just prior to this incident, appellee had sent a letter to Irwin Seating "notifying them that a problem still existed."

{¶ 16} 6) Although the seat cushions popping out had been a recurrent problem, appellee did not have a specific policy on checking the seats. Employees would try to check the seats between shows as they walked through "and picked up all the trash in between the aisles."

{¶ 17} 7) If a problem was discovered, appellee would either pop the cushion back in, cover it up with a trash bag, or rope off the seat.

{¶ 18} 8) When the cushions popped out of the seats, they normally "slipped behind the chair."

{¶ 19} 9) None of appellee's employees inspected the seat on the night in question to see if a cushion was present.

{¶ 20} 10) In March 2000, appellee was still experiencing "numerous problems with the seats falling out* * *one a day when we were slow up to three or four times a day when we had a lot of customers."

{¶ 21} Appellee argues that the condition was open and obvious, and therefore it was relieved of its duty to a business invitee.

{¶ 22} In *Armstrong v. Best Buy*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5, the Supreme Court of Ohio discussed the open-and-obvious doctrine as follows:

{¶ 23} "The sole issue before this court concerns the viability of the open-and-obvious doctrine, which states that a premises-owner owes no duty to persons entering those premises regarding dangers that are open and obvious. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraph one of the syllabus. The rationale underlying this doctrine is 'that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.' *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504. A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474; *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 12 O.O.3d 321, 390 N.E.2d 810. When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims."

{¶ 24} As the Supreme Court of Ohio noted in *Armstrong* at ¶ 13, "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff."

{¶ 25} Under this analysis,[1] we find that the conditions of a darkened theater and a seat that appears to be intact before it is pulled down rendered the condition not so obvious as to vitiate appellee's duty of reasonable care. Appellee has no proof of when the defect occurred yet readily admits that similar defects

---

1. Applying a Civ.R. 56 standard only.

occur one to four times daily, even after the incident. This is an eight-screen movie complex, and a defect of one to four seats is a small percentage of the total seats.

{¶ 26} Appellee also argues that it had no duty to warn or to protect appellant without proof of prior notice of the defect to this particular seat. We disagree with this position given, the standard of a Civ.R. 56 motion. By construing the evidence most favorable to appellant, we find that there exists a genuine issue of material fact as to whether this was a newly created hazard. Appellant could not find the cushion of the seat even though he and his wife attempted to do so. Appellee made no effort to investigate the area immediately after the incident to find the cushion. The genuine issue is whether the seat was damaged within the time frame that appellee should have known about the defect:

{¶ 27} "In such cases, the plaintiff must show that the defendant had, or in the exercise of ordinary care should have had, notice of the hazard for a sufficient time to enable him, in the exercise of ordinary care, to remove it or warn patrons about it.* * *If a plaintiff cannot show that a defendant had actual knowledge of an existent hazard, evidence as to the length of time the hazard had existed is necessary to support an inference that defendant had constructive notice." *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 31–32, 65 O.O.2d 129, 303 N.E.2d 81.

{¶ 28} With the facts presented, it can only be assumed that there was no seat cushion and that the defect had been discovered and the cushion removed without the seat being roped off. The seat was close to the projection light in a relatively little-used back row. Accordingly, we find genuine issues of material fact on the issues of open and obvious and duty to warn.

{¶ 29} The sole assignment of error is granted.

{¶ 30} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby reversed, and the cause is remanded.

Judgment reversed
and cause remanded.

GWIN, P.J., and WISE, J., concur.