DECISION AND JUDGMENT ENTRY
{¶ 1} Regina Demock appeals from a decision of the Wood County Court of Common Pleas that granted summary judgment against her in a negligence case, which alleged injury from a fall occurring in the Rose Room at the D.C. Ranch, managed by appellee, D.C. Entertainment Catering, Inc. Because we conclude that the trial court erred in applying the open and obvious doctrine when there were existing issues of material fact, we reverse and remand
 {¶ 2} Demock's sole assignment of error is "The Trial Court erred in granting Defendant-Appellee's Motion for Summary Judgment."
 {¶ 3} We use the same standard as the trial court does in determining summary judgments. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted only when there remains no genuine issue of material fact, and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996), 75 Ohio St.3d 280, 294.
 {¶ 4} Many facts are undisputed. Demock, who was 80 years old at the time, had gone to the D.C. Ranch on December 8, 2000, to attend a Christmas party sponsored by Lockrey Manufacturing, a business owned by her family. She was driven to the event by her daughter and son-in-law. She first sat at a ground floor table in the Rose Room speaking with employees and their families as they arrived. She went to the second of three tiers of seating to greet people she knew using the west stairs. It was on her way back down using the east side of stairs to the ground level that she fell. After the fall, Demock was taken to the hospital and underwent two surgeries. In the first, pins were placed in her right shoulder. In the second, her torn rotator cuff was repaired.
 {¶ 5} The trial court concluded that as a matter of law, the stairs were an open and obvious condition. As such, the property owners, D.C. Entertainment Catering, Inc., had no duty of care. The court stated in its opinion that Demock "was not exposed to an unreasonable or unnecessary danger. To the extent that she was exposed to a dangerous condition, it was open and obvious for which she was on notice. Further the lighting conditions were such, that Mrs. Demock was obligated to proceed with great caution." In making this finding, however, the trial court failed to view inferences derived from the affidavits, depositions, and other exhibits most favorably for Demock.
 {¶ 6} Demock presented depositions of herself, her daughter, Diane Jurski, and James Madden in support of her motion. Madden, an engineer, indicated that a number of problems existed with the east side stairs in the Rose Room at the D.C. Ranch. There were no handrails on the stairs; there were technical code violations; carpeting was basically all one color; lighting was dim. Madden stated: "These stairs are in violation of the code when they were installed, dimensional uniformity of the risers and treads, in that case they fail on the stair-to-stair dimensions and the uniformity requirement and the total from one end to the other end the uniformity requirement. So they fail, I guess you could say, on four parameters associated with the risers and treads for uniformity. They also fail on the minimum permitted tread depth. They are shorter than permitted by two inches, which out of 11 inches is enormously short. I have never seen stairs so short. It fails on the width of the stairway and fails on the handrails. That's it. That's what they fail on. There's other things — I checked, I don't think there is anything else." Jurski stated during her deposition that "everyone complained because they couldn't get down the steps. We couldn't find the steps. I'm not trying to be funny, but it was just terrible steps."
 {¶ 7} Demock testified that the stairs on the west side of the room were lighted sufficiently when she stepped up to the second tier, but that it was very dark when she tried to step down the stairs on the east side. She explained that as she went down the east side stairs she was "looking down. I was being very careful." Demock attributes her fall to the fact that she thought that she was stepping onto the floor rather than another step." To me it looked just like the floor. After I took that first step everything looked — it was dark."
 {¶ 8} Questions of fact have been found in similar circumstances. Francis v. Showcase Cinema Eastgate,155 Ohio App.3d 412, 2003-Ohio-6507, at the syllabus, ¶ 9-10 (lack of handrail violated the Ohio Basic Building Code ("OBBC") and "violations of the OBBC are evidence that the owner has breached a duty to the invitee"); Lovejoy v. Sears, Roebuck Co. (June 19, 1998), Lucas App. No. L-98-1025 (carpet and molding were essentially the same color and when a "surface and the object on which a person falls are the same color, a genuine issue of material fact exists as to whether the object is open and obvious"); Brown v. Marcus Theatres Corp., 154 Ohio App.3d 273,2003-Ohio-4852, at ¶ 22-28 (darkness or low light are not open and obvious risks when the invitee can not discern the dangerous condition); McGowan v. St. Antoninus Church (Apr. 6, 2001), Hamilton App. No. C-000488 (degree of lighting changed, therefore, question of fact existed as to "whether any change in the lighting would have created an unreasonably dangerous condition on the premises"). But see, Nelson v. Sound HealthAlternatives Internatl., Athens App. No. 01CA24, 2001-Ohio-2571.
 {¶ 9} Summary judgment must be denied if reasonable minds could come to differing conclusions. Hounshell v. AmericanStates Ins. Co. (1981), 67 Ohio St.2d 427, 433. Here, it is impossible on summary judgment to determine if the condition of the stairs and lighting was apparent enough to create an adequate warning of any danger. See, Simmers v. Bentley Constr. Co.,64 Ohio St.3d 642, 646, 1992-Ohio-42; Blair v. Goff-Kirby Co.
(1976), 49 Ohio St.2d 5, at the syllabus; Posin v. A.B.C. MotorCourt Hotel (1976), 45 Ohio St.2d 271, at paragraph one of the syllabus; Rothfuss v. Hamilton Masonic Temple Co. (1973),34 Ohio St.2d 176, 183-184; Plotkin v. Meeks (1936),131 Ohio St. 493, 494-497.
 {¶ 10} When it applies, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims. Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 13. The typical open and obvious cases concern known conditions that could have been avoided by individuals if they had taken proper precautionary measures, such as paying attention to where they were walking. See, for example,Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203
(puddle of water caused by snow tracked in the store); Sidle v.Humphrey (1968), 13 Ohio St.2d 45 (water, snow, and ice on front steps of apartment building); Johnson v. The Wagner ProvisionCo. (1943), 141 Ohio St. 584 (greasy mayonnaise on floor); S.S.Kresge Co. v. Fader (1927), 116 Ohio St. 718 (wet spot outside of doorway after rainstorm).
 {¶ 11} Here, as it is possible for reasonable minds to differ, the case was not one for summary judgment. The factfinder must determine whether Demock has met her burden on breach of duty, proximate cause, and damages. As the trial court erred in characterizing a disputed situation as open and obvious, appellant's sole assignment of error is found well-taken.
 {¶ 12} The judgment of the Wood County Court of Common Pleas is reversed and remanded. Appellee is ordered to pay the court costs of this appeal.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Pietrykowski, J. Concur.