{¶ 22} I respectfully dissent from the majority opinion, since I believe the trial court correctly granted summary judgment to appellee on appellant's claim.
 {¶ 23} After carefully stating the appropriate analysis to apply in this case, the majority opinion fails to apply it. The existence of a duty cannot be established when the "attendant circumstances" demonstrate none that would "unreasonably increase the normal risk," except for actions taken by the plaintiff.
 {¶ 24} Appellee's placement of a barrier around the pallets served as a warning which appellant disregarded. Appellant gave no indication in his deposition testimony that any store employees noticed that he had "walked onto the pallets in the store `over many years' * * *", but had failed to dissuade him to perform this risky behavior. Thus, no evidence was produced which indicated the store reasonably could foresee that anyone would choose to go around the barrier, step onto a wooden pallet made of one-inch thick slats, and pick up two cartons of soda to carry away, especially someone of appellant's bulk. Creation of a duty is dictated by reasonable foreseeability. Austin v. WoolworthDept. Stores (May 6, 1997), Franklin App. No. 96APE10-1430.
 {¶ 25} Moreover, as the majority opinion allows, no duty exists on the business owner's part when the condition which caused the injury "could have been avoided by individuals if they had taken proper precautionary measures, such as paying attention * * *." Demock v. D.C. Entertainment Catering, Inc., Wood App. No. WD-03-087, 2004-Ohio-2778, ¶ 10.
 {¶ 26} Based upon the record, therefore, I would overrule appellant's assignment of error and affirm the trial court's order.