OPINION *Page 2 
{¶ 1} Appellants Penny R. Watson and Stevan Watson appeal the decision of the Court of Common Pleas, Stark County, which granted summary judgment in favor of Appellees Doctors Hospital of Stark County, et al. in a personal injury lawsuit. The relevant facts leading to this appeal are as follows.
 {¶ 2} Doctors Hospital is a corporate customer of the Belden Village Holiday Inn, which is owned and operated by Janus Hotels. On December 20, 2001, Appellant Penny Watson, a sales director for Janus Hotels, drove to a meeting at Doctors Hospital. Appellant parked her automobile in a lot owned by Doctors across the street from the southwest entrance to the hospital. She then prepared to walk across the street (Austin Avenue) from the parking lot entrance area. As she began crossing Austin Avenue, she was struck by an automobile driven by Rachel Pinkerton. As a result, appellant suffered multiple injuries, including a fractured leg and jaw.
 {¶ 3} On October 14, 2005, appellants filed suit against Massillon Health System, LLC, dba Doctors Hospital of Stark County, and Rachel Pinkerton, asserting claims of negligence and loss of consortium.
 {¶ 4} On April 10, 2006, Doctors Hospital filed a motion for summary judgment on the issue of the hospital's liability. Appellants filed a memorandum contra on May 1, 2006, to which Doctors replied on May 8, 2006.
 {¶ 5} On June 9, 2006, the trial court granted Doctors Hospital's motion for summary judgment.
 {¶ 6} Appellants timely filed a notice of appeal. They herein raise the following sole Assignment of Error: *Page 3 
 {¶ 7} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT."
 {¶ 8} Doctors Hospital has filed two Cross-Assignments of Error, set forth as follows:
 {¶ 9} "I. THE ONCOMING VEHICLE THAT STRUCK PLAINTIFF WHILE SHE CROSSED AUSTIN AVENUE WAS AN OPEN AND OBVIOUS DANGER THAT REQUIRED NO WARNING.
 {¶ 10} "II. GIVEN THE PURPOSE OF HER VISIT AND HER PHYSICAL LOCATION, PLAINTIFF-APPELLANT WAS AT MOST A LICENSEE AND NOT AN INVITEE."
 Watson Appeal I. {¶ 11} In their sole Assignment of Error, appellants contend the trial court erred in granting summary judgment in favor of Appellee Doctors Hospital. We disagree.
 {¶ 12} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35, 506 N.E.2d 212. To establish a claim of negligence in Ohio, a plaintiff must show the existence of a duty, a breach of that duty, and injury directly and proximately resulting from a breach of this duty. Godwin v. Erb,167 Ohio App.3d 645, 856 N.E.2d 321, 2006-Ohio-3638, ¶ 17, citingMenifee v. Ohio Welding Prods., Inc. (1984), 15 Ohio St.3d 75, 77,472 N.E.2d 707 (additional citations omitted). To defeat a motion for summary judgment filed by defendant in a negligence action, plaintiff must *Page 4 
identify a duty, or duties, owed him by the defendant, and the evidence must be sufficient, considered most favorably to the plaintiff, to allow reasonable minds to infer that a specific duty was breached, that the breach of duty was the proximate cause of plaintiff's injury, and that plaintiff was injured. Keister v. Park Centre Lanes (1981),3 Ohio App. 3d 19, syllabus. In premises liability cases, the legal status of the person injured on the subject property determines the scope and extent of the owner's duty to the injured person. See Hairston v. Gary K.Corp., Cuyahoga App. No. 87199, 2006-Ohio-5566, ¶ 8, citingKirschnick v. Estate of Jilovec (Aug. 31, 1995), Cuyahoga App. No. 68037.
 {¶ 13} Ohio recognizes three classifications of persons present on another's land: invitees, licensees and trespassers. Hairston, citingMcCool v. Hillbrook Apartments (Aug. 23, 1995), Mahoning App. No. 93C.A.200. "[B]usiness invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." Id., citing Provencher v. Ohio Dept. ofTransp. (1990), 49 Ohio St.3d 265. According to Appellant Penny, she made her trip to Doctors Hospital on the day in question at the request of hospital representatives. Appellant planned to discuss information presented at a recent luncheon for corporate customers at the Holiday Inn, which Doctors officials had been unable to attend. She also wanted to present two Christmas gifts to the hospital's administrative staff. Supplemental Affidavit of Penny Watson at 2. We therefore hold, as a threshold matter, that Penny was a business invitee of Doctors Hospital.
 {¶ 14} "[A] business invitee must show that a duty was owed, that the duty was breached and that the breach was the proximate cause of the injury." Mauter v. Toledo *Page 5 Hosp., Inc. (1989), 59 Ohio App.3d 90, 92, 571 N.E.2d 470. A business owner, "although not an insurer of the customer's safety, owes business invitees a duty of ordinary care to maintain the premises in a reasonably safe condition for their protection." Centers v. LeisureInternatl., Inc. (1995), 105 Ohio App.3d 582, 584, 664 N.E.2d 969, citing Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474. Specifically, a hospital owes invitees a duty of ordinary or reasonable care in maintaining the premises, including the means of ingress and egress, in a reasonably safe condition so that persons are not unnecessarily and unreasonably exposed to danger. SeeFrance v. Sandy Valley Local School District (Jan. 30, 1989), Tuscarawas App. No. 88AP090068, citing Stinson v. Cleveland Clinic Foundation
(1987), 37 Ohio App.3d 146, 524 N.E.2d 898.
 {¶ 15} The record in the case sub judice reveals that Doctors Hospital's main building sits on the northeast corner of the intersection of Bailey Street (which runs east-west) and Austin Avenue (which runs north-south). See Defendant's Exhibit 1. Doctors also owns a surface parking lot on the northwest corner of Bailey and Austin. Thus, the two parcels are separated by Austin Avenue, which is undisputedly a public thoroughfare. Appellants recognize that Penny was injured on a public street, but urge that where a premises owner has violated its duty to provide a reasonably safe means of ingress and egress, the premises owner is liable even if the plaintiff's injuries occur on adjoining public property.
 {¶ 16} The decision of the Tenth District Court of Appeals inAlbright v. University of Toledo (Sept. 18, 2001), Franklin App. No. 01AP-130 is instructive on the issue before us. In that case, a teenage boy was fatally injured by a moving automobile while *Page 6 
crossing a five-lane public road, between a university hall and a university parking lot, along with a group of spectators leaving a concert. Upon an appeal of the grant of summary judgment by the Court of Claims in favor of the university, the Tenth District Court addressed the question of whether a business owner has "a duty to ensure that its invitees have a means of ingress and egress that will not harm the invitee/pedestrian walking across a public street between two disconnected portions of the owned premises." Id. at 3.
 {¶ 17} The Albright Court acknowledged the paucity of Ohio case law on this specific issue, but after reviewing several cases on the duties of landowners regarding adjoining properties (including a Fifth District opinion, Martin v. Happy's Restaurant Lounge (June 8, 1992), Stark App. No. CA-8816), the Albright Court reached the following conclusion: "In the present case, the university clearly did not have control and possession of the public street upon which Matthew was struck by the vehicle. A public street is under the control of the municipality or public authority. * * * The university did not have the power to allow or prohibit vehicles to travel on Douglas Road, as is required to invoke liability in negligence and tort. Therefore, under the reasoning in this line of cases, the university did not have a duty to protect Matthew or its business invitees under the circumstances of this case." Id. at 5.
 {¶ 18} Appellants herein seek to distinguish Albright from the circumstances of the case sub judice. They essentially urge that certain "visual cues" existed along the path Penny took into Doctor's Hospital which were not extant in Albright. Appellant's Brief at 12. First, there was no parallel sidewalk along the parking lot side of Austin Avenue that might encourage invitees to cross at the nearby corner of Austin and *Page 7 
Bailey, rather than at mid-block. Secondly, the parking lot driveway spilled onto Austin at a point across the street from a hospital entrance sidewalk. This entrance sidewalk, which ran perpendicular to Austin Avenue before curving to the right and toward the building entrance, was surrounded by a small lawn. Defendant's Exhibit 5. Finally, in the northbound lane of Austin Avenue, in this same area, a standardized "SCHOOL" marking was painted onto the asphalt in large white letters and lines, warning drivers of an upcoming school building past the hospital. Defendant's Exhibit 3, 6.
 {¶ 19} Upon review of the record in this case, we find as a matter of law that Doctors Hospital's duty as a landowner to business invitees did not extend to Austin Avenue, in between the two hospital properties. Most significantly, the school zone marking on Austin Avenue was not a crosswalk, and the hospital does not control the public streets around its building, despite the remaining design and features in the area. Moreover, even if we were to conclude otherwise, a landowner is under no duty "to protect business invitees from dangers known to the invitee, or those so obvious and apparent that the invitee may reasonably be expected to discover them and protect himself from them." Brown v.Marcus Theatres Corp., 154 Ohio App.3d 273, 797 N.E.2d 95,2003-Ohio-4852, ¶ 9, quoting Centers, supra. The record further establishes that Penny saw the approaching vehicle as she crossed Austin, but she looked the other way, simply "assuming" the car approaching from her right would stop. See Deposition of Penny Watson at 25.
 {¶ 20} The trial court therefore did not err in granting summary judgment to Doctors Hospital under the circumstances of this case. Appellants' sole Assignment of Error is overruled. *Page 8 
 Doctors Hospital's Cross-Assigned Errors {¶ 21} Because of our disposition of appellants' assignment of error, we find remaining issues in Appellee Doctors Hospital's cross-assignments of error are moot. See, e.g., Pingue v. Pingue, Delaware App. No. 03-CA-E-12070. 2004-Ohio-4173, ¶ 27.
 {¶ 22} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 Wise, J. Farmer, P. J., and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs to Appellants Penny and Stevan Watson. *Page 1