[Cite as *Kohler v. Camp Runinmuck*, 2019-Ohio-5276.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Denise Kohler

        Appellant

v.

Camp Runinmuck, et al.

        Appellees

Court of Appeals No. OT-19-016

Trial Court No. 17CV186

**DECISION AND JUDGMENT**

Decided:  December 20, 2019

* * * * *

Richard L. Demsey, Justin D. Gould, Paul W. Flowers, and
Louis E. Grube, for appellant.

Brian A. Newberg, for appellees.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Denise Kohler,[1] appeals the judgment of the Ottawa County

Court of Common Pleas, which granted summary judgment to appellees, Camp

---

[1] Appellant was married after she filed this action, resulting in a change of her name to
Denise Trosin.

Runinmuck, The New Generation, Inc., Camp Runinmuck Campers Association, and Camp Runinmuck Lodge, on appellant's premises liability claim. Because we find that the trial court properly concluded that appellant's claim was precluded under the open and obvious doctrine, we affirm.

## A. Facts and Procedural Background

{¶ 2} The incident that gave rise to this premises liability action took place on June 6, 2015. On that date, appellant visited a restaurant at Camp Runinmuck in Marblehead, Ohio. Appellant was accompanied by her friend, Mario Bandiera. The two arrived at approximately 6 p.m. Upon arrival, Mario dropped appellant at the entrance and proceeded to park his vehicle. The two ate dinner together, and departed approximately three to three and one-half hours later. Appellant consumed one glass of wine during dinner.

{¶ 3} After exiting the restaurant, appellant and Mario proceeded to Mario's vehicle. Wanting to use the restroom before leaving, appellant returned to the restaurant. According to appellant it was "fully dark" outside by the time she left the restaurant. Appellant's mobile phone was equipped with a flashlight function with which appellant was familiar, but appellant indicated that she did not feel the need to use it on the night of the incident because the parking lot was adequately lit. Appellant indicated during her deposition that she was not concerned with the lighting in and around the area where the cart was located. Additionally, appellant responded in the affirmative when asked whether she believed that the area where the cart was located was "sufficiently lit for

2.

[her] to be able to safely proceed." Later on, appellant stated that "[t]here was no problem" with respect to the lighting conditions in the area where the cart was located, but she stated that the exterior light was shining into her eyes as she walked toward the restaurant.

{¶ 4} On her way to Mario's vehicle, appellant passed a large stationary cart that was located in the parking lot outside of the restaurant. The cart was approximately five feet long and four feet wide. The cart was carrying an orange and black bin that took up much of the surface area of the cart. However, the edges of the cart protruded out from the bin on each side. The cart surface was gray with a red rim along the edge on every side. Although she acknowledged walking past the cart, appellant stated that she did not see the cart, but she admitted that would have been able to see the cart had she looked in its direction.

{¶ 5} On her way back to the restaurant, appellant struck her left shin on the corner of the cart, causing her to fall. Appellant testified that she was looking toward the door at the time of her fall. Appellant acknowledged that there were no pedestrians or automobile traffic in the area at the time, and that her attention was not diverted prior to the fall.

{¶ 6} After striking the cart with her shin, appellant reached out her left arm in order to break her fall. As a result of her efforts, appellant suffered a fracture to her left elbow, causing severe pain and leading to the tearing of her cartilage in that joint. Appellant's injuries ultimately forced her to undergo outpatient surgery and physical therapy.

3.

{¶ 7} Almost two years after her fall at Camp Runinmuck, appellant filed a complaint with the trial court on June 5, 2017, in which she asserted a premises liability claim against appellees, Camp Runinmuck, The New Generation, Inc., Camp Runinmuck Campers Association, and Camp Runinmuck Lodge. On June 30, 2017, appellees filed their answer, in which they generally denied the allegations raised in appellant's complaint and asserted several affirmative defenses. Of particular relevance to this appeal, appellees asserted that the condition complained of in appellant's complaint (i.e. the cart) was open and obvious.

{¶ 8} Following discovery, appellees filed their motion for summary judgment on October 3, 2018. In their motion, appellees argued that they had no duty to appellant with respect to the cart on which appellant struck her shin, because the cart was an open and obvious hazard. Further, appellees urged that there were no attendant circumstances that would exclude the application of the open and obvious doctrine to this case.

{¶ 9} As to appellant's attendant circumstances argument, appellees denied that the cart and the pavement blended together, noting that the trim on the cart and the large brown and orange bin on top of the cart contrasted with the color of the underlying pavement. Additionally, appellees insisted that the light that was allegedly shining in appellant's eye on the night of the fall did not constitute an attendant circumstance that would preclude the application of the open and obvious doctrine.

{¶ 10} On December 14, 2018, appellant filed her brief in opposition to appellees' motion for summary judgment. In her brief, appellant contended that the cart was not an

4.

open and obvious hazard. In support, appellant pointed to appellees' customary practice of placing large orange cones around the cart, a practice that appellant argued was demonstrative of appellees' recognition that the cart was not inherently open and obvious. Alternatively, appellant argued that there were attendant circumstances in play in this case that would negate the application of the open and obvious doctrine. Specifically, appellant identified two attendant circumstances: (1) the color of the cart blended in with the surrounding pavement; and (2) a light shining in appellant's eyes as she walked toward the restaurant.

{¶ 11} In their December 31, 2018 reply to appellant's brief in opposition, appellees stated that the cart was large (five feet long and four feet wide), it was "covered in orange or red trim," and it was situated in plain view. Therefore, appellees argued that the cart was open and obvious.

{¶ 12} On January 11, 2019, appellant filed a sur-reply in which she reasserted her claim that the cart was not open and obvious and that the presence of attendant circumstances (blending with the pavement and a light shining in her eyes) barred appellees' reliance on the open and obvious doctrine.

{¶ 13} Upon consideration of the foregoing arguments, the trial court issued its decision on March 27, 2019. In the decision, the trial court found that appellant "testified that she was able to see the cart and bin had she looked, there was adequate lighting and there was nothing distracting her attention from the cart/bin." Due to this testimony, the trial court determined that appellees were entitled to summary judgment on appellant's premises liability claim. Thereafter, appellant entered a timely notice of appeal.

5.

## B.  Assignments of Error

{¶ 14} On appeal, appellant the following assignment of error:

> The trial judge erred, as a matter of law, by granting summary
>
> judgment upon plaintiff-appellant's premises liability claim.

## II.  Analysis

{¶ 15} In her sole assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of appellees on her premises liability claim.

{¶ 16} Premises liability is a form of negligence, which generally requires the plaintiff to demonstrate that the defendant owes a duty to him or her the breach of which proximately resulted in the plaintiff's injury.  *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).  The duty that an owner or occupier of premises owes to one who is injured on those premises is governed by the relationship between the parties. *Light v. Ohio University*, 28 Ohio St.3d 66, 67, 502 N.E.2d 611 (1986).  Persons who come onto premises by invitation, express or implied, for purposes beneficial to the owner or occupier are considered business invitees.  *Id.* at 68.  In this case, the parties agree that appellant is a business invitee.

{¶ 17} The duty of a premises owner to a business invitee is one of ordinary care in maintaining the premises in a reasonably safe condition and to warn an invitee of latent or hidden dangers.  *Brown v. Helzberg Diamonds*, 168 Ohio App.3d 438, 2006-Ohio-4297, 860 N.E.2d 803, ¶ 13 (6th Dist.); *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985).  However, the owner of premises is not an insurer of

6.

the customer's safety and is under no duty to protect business invitees from dangers that are "known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." *Id.* at 203-204, quoting *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus.

{¶ 18} Here, the trial court found that appellees owed no duty to appellant with respect to the cart, because the cart was an open and obvious hazard. The open and obvious doctrine provides that owners do not owe a duty to persons entering their premises regarding dangers that are open and obvious. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 14, citing *Sidle* at paragraph one of the syllabus. The rationale underlying this doctrine is "that the open and obvious nature of the hazard itself serves a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992).

{¶ 19} Contrary to the findings of the trial court, appellant contends that the cart on which she struck her left shin was not an open and obvious hazard. In her brief, appellant argues that "a jury could easily conclude that a reasonable person acting with ordinary care under the circumstances would not have discovered the protruding edge of the recycling cart before tripping over it." According to appellant, it was dark at the time of the incident and the building cast a shadow over the area where the cart was located, and the gray platform of the cart and its red edge blended in with the pavement below.

7.

{¶ 20} In response, appellees assert that the cart was observable and, as such, was an open and obvious hazard. In support of their argument, appellees note that the cart was five feet long and four feet wide, and contained a large bin atop the cart that was orange and easily observable. Appellees cite numerous cases involving hazards that were deemed to be open and obvious despite being smaller than the cart and bin in this case.

{¶ 21} While not dispositive in this case, the size of the cart is indeed a factor in assessing whether the cart was open and obvious. *Ellington v. JCTH Holdings, Inc.*, 7th Dist. Mahoning No. 14 MA 64, 2015-Ohio-480, ¶ 29. According to the pictures submitted as part of the record in this case, the cart is positioned in the open lot in front of the restaurant, and is not hidden or concealed in any manner. Given the cart's size and location, the open and obvious doctrine would unquestionably apply in this case if the incident would have occurred during the daytime.

{¶ 22} Therefore, the only question is whether the lack of daylight that existed at the time of the incident renders the open and obvious doctrine inapplicable. On the darkness issue, courts have held that "darkness is an open and obvious condition and under Ohio law, one may not disregard darkness." *Kirksey v. Summit Cty. Parking Garage*, 9th Dist. Summit No. Civ.A. 22755, 2005-Ohio-6742, ¶ 12, citing *Jeswald v. Hutt*, 15 Ohio St.2d 224, 227, 239 N.E.2d 37 (1968). Therefore, the lack of lighting does not, by itself, alter the cart's status as open and obvious. Moreover, appellant acknowledged during her deposition that the area in front of the restaurant was sufficiently lit, such that she felt no need to use the flashlight on her phone to illuminate the path ahead of her.

8.

{¶ 23} Appellant claims that the cart on which the bin rested had a gray surface that blended with the pavement below. Concerning appellant's blending argument, we have previously held that "[w]hen a surface and the object on which a person falls are the same color, a genuine issue of material fact exists as to whether the object is open and obvious." *Lovejoy v. Sears, Roebuck & Co.*, 6th Dist. Lucas No. L-98-1025, 1998 WL 351876, * 4 (June 19, 1998). Further, in *Demock v. D.C. Entertainment & Catering, Inc.*, 6th Dist. Wood No. WD-03-087, 2004-Ohio-2778, we found that issues of fact existed to preclude an open and obvious finding as a matter law where the plaintiff fell in an unlit interior stairwell that was poorly designed and shrouded in darkness such that the plaintiff could not differentiate the floor from the steps.

{¶ 24} Unlike the facts in *Lovejoy* and *Demock*, the record in this case demonstrates that the trim around the edge of the cart was red, and therefore the edge of the cart contrasted with the gray pavement. In his deposition, Mario affirmed that the lighting was sufficient to permit him to ascertain the color of the bin and distinguish between colors. Moreover, appellant acknowledged that the area where the cart was located was not so dimly lit that she could not observe the cart. Indeed, appellant acknowledged during her deposition that she did, in fact, observe the bin, but failed to take note of the protrusion of the cart underneath the bin. "The bench mark for the courts is not whether the person saw the object or danger, but whether the object or danger was observable." *Haymond v. BP Am.*, 8th Dist. Cuyahoga No. 86733, 2006-Ohio-2732, ¶ 16. On these facts, we find that the cart was observable and was therefore an open and obvious hazard.

9.

{¶ 25} Alternatively, appellant insists that there were attendant circumstances present at the time of her fall that would preclude the application of the open and obvious doctrine. Appellant claims that the light that was shining off the building was distracting her because it was shining into her eyes.

> An attendant circumstance is a factor that contributes to the fall and is beyond the injured person's control. The phrase refers to all circumstances surrounding the event, such as time and place, the environment or background of the event, and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. An "attendant circumstance" has also been defined to include any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time. (Citations omitted.)

*Jackson v. Pike Cty. Bd. of Commrs.*, 4th Dist. Pike No. 0CA805, 2010-Ohio-4875, ¶ 21.

{¶ 26} In her deposition testimony, appellant testified that she would have seen the cart and bin had she looked. Appellant also acknowledged that there were no pedestrians or automobile traffic in the area at the time, and that her attention was not diverted prior to the fall. Having acknowledged that she was not distracted at the time of the incident, we find no merit to appellant's reliance upon the claim that the outdoor lighting constituted an attendant circumstance merely because it was allegedly shining into her

10.

eyes. Appellant acknowledged that she observed the bin that was resting on the cart notwithstanding the lighting conditions. Having observed the bin, it is clear the light shining into appellant's eyes does not constitute an attendant circumstance which prevented her from being able to see the cart underneath the bin.

{¶ 27} In sum, we find that the record supports the trial court's determination that the cart upon which appellant struck her shin was open and obvious. Further, the record contradicts appellant's assertion that she was distracted by attendant circumstances such that the open and obvious nature of the cart should be ignored.

{¶ 28} While parties may have a theoretical argument over the objective question as to whether a hazard is open and obvious, here we must apply our analysis within the constraints of appellant's testimony as to what she did or did not do, what she saw or did not see, and what she was able to see had she looked as opposed to what she was not able to see. In doing so, we find that the trial court did not err when it granted appellees' motion for summary judgment.

{¶ 29} Accordingly, appellant's sole assignment of error is not well-taken.

### III.  Conclusion

{¶ 30} In light of the foregoing, the judgment of the Ottawa County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　JUDGE

Arlene Singer, J.

Gene A. Zmuda, J.　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
CONCUR.　　　　　　　　　　　　　　　　　　　JUDGE

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.