JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, Susan Hairston ("Hairston"), appeals the trial court's decision granting summary judgment in favor of defendant Gary K. Corporation, owner of, and hereafter referred to as, Chicago Deli. We reverse the trial court's decision and remand the case for trial for the following reasons.
 {¶ 2} In March 2003, Hairston went to Chicago Deli after church to meet her pastor. Joining the pastor at a table, Hairston seated herself in one of the restaurant's standard wooden chairs. After sitting in the chair for ten to fifteen minutes, it collapsed without warning, and Hairston, who weighed 320 pounds, fell to the floor.
 {¶ 3} Hairston filed suit against Chicago Deli and Foldcraft Company alleging negligence and claiming she sustained permanent injuries from the fall.[1] Chicago Deli filed a motion for summary judgment, which the trial court granted. In a timely appeal, Hairston raises one assignment of error, which states:
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 4} This court reviews a lower court's granting of summary judgment de novo. Druso v. Bank One of Columbus (1997),124 Ohio App.3d 125, 131, 705 N.E.2d 717; Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.
 {¶ 5} Summary judgment under Civ.R. 56 is proper when:
(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.
State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509,511 (citation omitted).
 {¶ 6} The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial.Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115. Any doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359. There is no issue for trial, however, unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 249-250.
 {¶ 7} In order to establish a claim for negligence, Hairston must establish that: 1) Chicago Deli owed her a duty; 2) Chicago Deli breached that duty; and 3) the breach was the proximate cause of Hairston's injuries. Mussivand v. David (1989),45 Ohio St.3d 314. The absence of any one of these elements renders a plaintiff's claim of negligence invalid. Jeffers v. Olexo
(1989), 43 Ohio St.3d 140, 142.
 {¶ 8} The legal status of a person injured on real property determines the scope and extent of the owner's duty to the injured person. Kirschnick v. Estate of Jilovec (Aug. 31, 1995), Cuyahoga App. No. 68037, 1995 Ohio App. LEXIS 3773. Ohio recognizes three classifications of persons present on another's land: invitees, licensees and trespassers. McCool v. HillbrookApartments (Aug. 23, 1995), Mahoning App. No. 93C.A.200, 1995 Ohio App. LEXIS 3538. The Ohio Supreme Court has held that "business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." Provencher v. Ohio Dept. ofTransp. (1990), 49 Ohio St.3d 265; Light v. Ohio University
(1986), 28 Ohio St.3d 66.
 {¶ 9} In the instant case, it is undisputed that Hairston was an invitee. A landowner owes an invitee the duty to exercise ordinary and reasonable care, which includes keeping the premises in a reasonably safe condition and warning the invitee of latent or concealed defects of which the landowner has or should have knowledge. Scheibel v. Lipton (1951), 156 Ohio St. 308, 323; see, also, Light, supra, 28 Ohio St.3d at 68. An owner of premises, however, owes no duty to protect invitees from all conceivable dangers they might face while on the premises because the owner is not an insurer of the safety of its invitees.Cornell v. Aquamarine Lodge (1983), 12 Ohio App.3d 148, 150. Instead, an owner's liability "to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn her of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon." Debie v. Cochran Pharmacy-Berwick,Inc. (1967), 11 Ohio St.2d 38, 40 (citation omitted).
 {¶ 10} When it is shown that the owner had superior knowledge of the particular danger which caused the injury, liability attaches because, in such a case, invitees may not reasonably be expected to protect themselves from a risk they cannot fully appreciate. Mikula v. Salvin Tailors (1970), 24 Ohio St.2d 48;LaCourse v. Fleitz (1986), 28 Ohio St.3d 209. Moreover, when negligence involves the existence of a hazard or defect, either actual or constructive notice of such hazard or defect is a prerequisite to the duty of reasonable care. Heckert v. Patrick
(1984), 15 Ohio St.3d 402, 405.
 {¶ 11} A review of the record in the present case reveals that, by his own admission, the owner of Chicago Deli asserted that his employees inspected the chairs at night when they "put the chairs up." Hairston herself did not notice anything unusual about the chair in question before she sat down at a table in Chicago Deli. However, almost immediately following the accident, Hairston's dining companion, Pastor Rhonda Harrell, photographed the chair and submitted a corroborating affidavit stating that the chair was broken into two pieces. Pastor Harrell's photographs and corroborating affidavit further establish that a third piece, identified as the "front horizontal rung," was missing immediately after the accident. Hairston's affidavit averred: "These photos show the two parts of the chair I saw as it was being carried away. Further, I can definitely say it was these two parts and that there was no third part of the chair."
 {¶ 12} When asked about the missing front horizontal rung, the Vice President of Operations for the chair's manufacturer explained that "[b]ased on what [he saw] that part was broken off because there [were] remnants of that piece in the holes in each of the legs." In other words, the alleged defect in the chair was not a loose rung or a mere crack that could possibly have gone unnoticed during the nightly inspections that the Chicago Deli owner insisted took place each night. Hairston has therefore presented sufficient evidence to survive a motion for summary judgment on the central question of whether Chicago Deli should have known of the defect in the chair on which Hairston sat.
 {¶ 13} The dissent, however, would apparently require direct evidence of the chair's condition before or at the time of the accident. Direct evidence is too strict a standard. Here, the condition of the chair before plaintiff sat in it can be reasonably inferred from the facts. The photographs taken immediately after Hairston's accident clearly illustrate that the chair was missing a rung. Once Hairston established that a rung was missing, the burden shifted to Chicago Deli to explain the missing rung; Chicago Deli has not provided any explanation, however. If that rung had been broken off earlier in the day or at the time of the accident, an employee should have discovered it and Chicago Deli should have produced that employee. The only other possibility is the implausible notion that a previous customer walked off with the broken rung. Thus the evidence of a missing rung, in conjunction with Chicago Deli's insistence that it checked its chairs every night, is sufficient evidence of negligence to overcome a motion for summary judgment.
 {¶ 14} The dissent also contends that, "without notice of any previous complaints or incidents, the Chicago Deli cannot be said to have breached any duty of care owed to her as an invitee." In support of this contention, the dissent relies upon Cochran v.Ohio Auto Club (Oct. 3, 1996), Marion App. No. 9-96-33, 1996 Ohio App. LEXIS 4809. In Cochran, however, "[t]he only evidence presented by appellant was his complaint and his own deposition." Id. at *11 n. 6. The Cochran court thus concluded that appellant's evidence failed to demonstrate "that a defect wouldhave been discovered through the exercise of ordinary care." Id. at *11, emphasis added.
 {¶ 15} In contrast, in the case at bar, there is sufficient evidence for the case to go to a jury to decide the material issues of fact raised by the evidence from both the plaintiff and the defendant: namely, whether Hairston was injured because her chair was missing its front horizontal rung and, if so, whether Chicago Deli should have discovered that a rung on the chair in question was missing. We therefore reverse the order of the trial court granting defendant's motion for summary judgment and remand the case for trial.
Judgment accordingly.
It is ordered that appellant recover of appellees the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J. concurs in judgment only.
Cooney, P.J., dissents. (see separate dissenting opinion)
[1] Hairston voluntarily dismissed her complaint against Foldcraft, the chair manufacturer.