JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellant, Sandra Stewart, appeals the trial court's granting summary judgment to defendant-appellee, Cuyahoga County Agricultural Society, on her negligence claim. After reviewing the facts of the case and pertinent law, we reverse the judgment of the trial court.
 {¶ 3} On August 9, 2004, appellant attended the Cuyahoga County Fair ("the fair"), which appellee operates, in Berea, Ohio. According to appellant's deposition testimony, she and her family were making their way to the grandstand to watch the demolition derby, when they stopped to rest and eat at picnic tables set up for the general public in the midway of the fairgrounds. Appellant spotted a table where two people were seated on the same side of one end of the picnic table. Appellant said that she sat down on the same side of the table as the two people, but at the other end of the bench. Her husband, her mother-in-law, and her sister-in-law sat on the other side of the table, across from her. After a couple of minutes, the two people who were sitting on the same side of the table as appellant was, left, and she was sitting on the one side of the bench by herself. Appellant stated that a couple of minutes after the two people had gotten up, she "just flipped off the table, off the bench, and struck [her] head on this huge metal bar." She further explained that the end of the bench where the two people had been seated "flipped up. So my side went down." She also stated, "their side flipped up, and I went, like tumbling into the *Page 4 
leveler[.]" As she landed, in addition to hitting her head on the metal bar that was used to support an amusement-park-like ride, appellant's right shoulder also hit the ground. The metal bar was located approximately six feet from the picnic table appellant was sitting on. Appellant went to the fair's first aid department, where she was treated with ice and aspirin for her injuries. She later went to the emergency room complaining of a headache and was given prescription pain medication. Appellant continues to complain of periodic headaches that she alleges were caused by the injuries she sustained at the fair on August 9, 2004.
 {¶ 4} On September 12, 2005, appellant filed a personal injury/negligence claim against appellee. On September 1, 2006, the court granted appellee's motion for summary judgment.
 {¶ 5} In her sole assignment of error, appellant argues that "the trial court committed reversible error by granting defendant's motion for summary judgment." Specifically, appellant argues that appellee should have known the picnic table was "faulty."
 {¶ 6} Appellate review of a grant of summary judgment is de novo. Pursuant to Civ.R. 56(C), parties seeking summary judgment must prove that 1) there is no genuine issue of material fact; 2) they are entitled to judgment as a matter of law; and 3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.Dresher v. Burt (1996), 75 Ohio St.3d 280.
 {¶ 7} A successful negligence claim requires a plaintiff to prove 1) the defendant owed him a duty of care; 2) the defendant breached the duty of care; and *Page 5 
3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677. A premises owner or occupier owes a duty to business invitees to exercise ordinary care in maintaining the premises in a reasonably safe condition, such that the business invitee will not unreasonably or unnecessarily be exposed to danger. Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. The owner must warn business invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, and invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious.Brinkman v. Ross (1993), 68 Ohio St.3d 82.
 {¶ 8} In the instant case, appellant showed that appellee owed her a business invitee duty of care, as explained above.
 {¶ 9} Appellee's representative, Robert Cartmell ("Cartmell") testified at his deposition that the tables are routinely inspected, either before they are taken out of storage or before the fair starts; that they are physically checked, then placed into service before each event; that he saw the table flat on the same day it broke; and that this accident occurred on the first day of the fair, August 9, 2004. He further testified that he did not inspect this picnic table and that he did not know if this particular table was inspected or by whom it was inspected before it was placed into service.
 {¶ 10} Cartmell's testimony is similar to the restaurant owner's testimony in Hairston v. Gary K. Corp., 8th Dist. No. 87199,2006-Ohio-5566, who stated that the *Page 6 
restaurant inspected its chairs every night. In that case, the chair upon which a customer sat collapsed. The chair was photographed after the customer fell showing that the chair broke because of a missing rung. This court decided that the customer had established that the rung of the chair was missing and the burden then shifted to the owner to explain the missing rung. Because the owner had failed to do so, we concluded the customer put forth sufficient evidence of negligence to defeat the owner's motion for summary judgment.
 {¶ 11} Cartmell's testimony shows that appellee "had superior knowledge of the particular danger which caused the injury, therefore liability attaches because in such a case, invitees may not reasonably be expected to protect themselves from a risk they cannot fully appreciate. Moreover, when negligence involves the existence of a hazard or defect, either actual or constructive notice of such hazard or defect is a prerequisite to the duty of reasonable care." Id.
 {¶ 12} "The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial." Celotex Corp.v. Catrett (1987), 477 U.S. 317, 330.
 {¶ 13} Since any doubt must be resolved in favor of the nonmoving party, it is our opinion that appellant here, as in Hairston, has provided sufficient evidence for this case to proceed to a jury to decide the genuine issues of material fact raised. See Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 14} This cause is reversed and remanded.
 It is ordered that appellant recover from appellee costs herein taxed. *Page 7 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., CONCURS. ANTHONY O. CALABRESE, JR., P.J. DISSENTS WITH SEPARATE DISSENTING OPINION.