JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Connie and Charles Johnson-Steven, appeal from the trial court's judgment granting summary judgment to defendants-appellants, Broadway Sunoco, Kunni Oil Services, Inc., and Nader F. Farhat.
 {¶ 2} The record reflects that at approximately 9:30 a.m. on July 23, 2003, Connie Johnson-Steven walked into the convenience store at Broadway Sunoco to buy cigarettes and a 7-Up. After making her purchase, she exited the store through the same door she had used to enter the store. As she walked out the doorway and down an asphalt ramp, she fell on "rocks or black top chunks" that had resulted from asphalt work being done in the area around the time of Johnson-Steven's fall.
 {¶ 3} In her deposition, Johnson-Steven acknowledged that she had made purchases from the Broadway Sunoco convenience store at least five other times in the 12 months preceding her fall and had used the ramp each time. She testified that when she went into the convenience store on July 23, 2003, she saw nothing different from the other times she had gone into the store. She testified that there was nothing obstructing her view or distracting her when she fell and that the weather was "beautiful" that day. She testified further that she tried to break her fall with her elbows, but landed on her back.
 {¶ 4} Johnson-Steven and her husband filed suit seeking damages for appellees' alleged negligence. Broadway Sunoco subsequently filed a motion for summary judgment, in which it argued that it was entitled to judgment because: 1) *Page 4 
the condition which caused Johnson-Steven's fall was open and obvious; and 2) having crossed the walkway on numerous other occasions, Johnson-Steven was charged with notice of its condition. In her brief in opposition, Johnson-Steven argued that the open-and-obvious doctrine does not protect a defendant from liability where a premises owner has violated a statutory duty to maintain its premises. Attached to her brief was a report from a registered architect which opined that "[c]learly and unquestionably, the Sunoco Gas Station exit ramp [on which Johnson-Steven fell] violate[d] numerous applicable Ohio Building Code requirements" and was "a hazard and an accident waiting to happen." In light of these alleged Building Code violations, Johnson-Steven argued that the jury should determine whether Broadway Sunoco had breached its statutory duty in maintaining its premises and then, if it found no statutory breach, whether the danger was open and obvious under common law negligence principles.
 {¶ 5} The trial court subsequently granted summary judgment to Broadway Sunoco and the other defendants. Citing Kirchner v. Shooters onthe Water, Inc., 167 Ohio App.3d 708, 2006-Ohio-3583, it reasoned that a violation of the Ohio Building Code does not preclude summary judgment for the premises owner where the danger is open and obvious. The trial court found that even though the ramp was steeper than allowed by the Building Code, the danger was open and obvious such that Johnson-Steven could have been expected to protect herself against it, *Page 5 
and therefore Broadway Sunoco had no duty to warn or protect her from it.[1] The trial court further found that Johnson-Steven had safely entered the store from the ramp immediately prior to her fall, without noticing any defect, and therefore, she could not claim that upon exiting the store, the defect had suddenly become unreasonably dangerous.
 {¶ 6} The issue in this case is whether summary judgment was properly granted. Civ.R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 369-370; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. We review the trial court's judgment de novo using the same standard that the trial court applies under Civ.R. 56(C). Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 7} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact exists as to whether: 1) the defendant owed a duty of care to the plaintiff; 2) the defendant *Page 6 
breached that duty; and 3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O. Summers Cleaners Shirt LaundryCo., 81 Ohio St.3d 677, 680, 1998-Ohio-602.
 {¶ 8} Johnson-Steven argues that summary judgment was improperly granted, because the trial court's reliance on Kirchner, supra, was misplaced. In Kirchner, this court interpreted the Ohio Supreme Court's decision in Chambers v. St. Mary's School, 82 Ohio St.3d 563,1998-Ohio-184, in which the Supreme Court held that while the violation of an administrative rule did not constitute negligence per se, it may be admissible as evidence of negligence. Id. at syllabus. Acknowledging that Chambers did not mention the open-and-obvious doctrine, this court nevertheless concluded in Kirchner that where Building Code violations are open and obvious, the open-and-obvious nature of the hazardous condition dispenses with the landowner's duty to warn, and thus, such violations do not necessarily preclude summary judgment for the landowner.
 {¶ 9} Johnson-Steven argues that despite this court's ruling inKirchner, Robinson v. Bates, 112 Ohio St.3d 17, 2006-Ohio-6362, decided after Kirchner, clarifies that, where there are alleged statutory violations of a landlord's duty to repair, the jury is to decide the open-and-obvious question. In Robinson, a tenant sued her landlord for damages resulting from a fall in the driveway of the residence *Page 7 
she rented from the landlord. Several days prior to her fall, a contractor hired by the landlord to do repair work had removed a deteriorating retaining wall on the side of the driveway, exposing the concrete footer. The tenant stepped onto an uneven slab of the footer and injured her foot.
 {¶ 10} At the conclusion of the tenant's case, the trial court granted a directed verdict for the defense, finding that she had not established that the landlord was negligent, because the concrete footer was open and obvious. The Supreme Court affirmed the appellate court's decision reversing the trial court, holding that the open-and-obvious doctrine did not excuse the landlord's statutory duty to repair:
 {¶ 11} "The `open and obvious' doctrine does not dissolve the statutory duty to repair. If the jury finds that [the landlord] breached her duty to repair and keep the leased premises in a fit and habitable condition, the `open and obvious' doctrine will not protect her from liability. If the jury finds no statutory breach, however, it still must determine whether the danger was open and obvious to [the tenant] under common-law negligence principles. Therefore, we agree with the court of appeals that because questions of fact exist as to the state of the repairs of the lease premises, a directed verdict should not have been granted." Id. at ¶ 25.
 {¶ 12} Johnson-Steven argues that Robinson indicates that where a statutory violation is alleged to have caused the injury, a jury is to determine whether the danger was open and obvious and, accordingly, the trial court erred in granting summary judgment to appellees. We disagree. *Page 8 
 {¶ 13} The legal status of a person injured on real property determines the scope and extent of the owner's duty to the injured person. Gladon v. Greater Cleveland Regional Transit Auth. (1996),75 Ohio St.3d 312, 315; Hairston v. Gary K. Corp., Cuyahoga App. No. 87199,2006-Ohio-5566, at ¶ 8. "Invitees are persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner." Id. A property owner owes an invitee, such as Johnson-Steven, a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden defects.Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. A landlord who is a party to a rental agreement, however, has a statutory duty under R.C. 5321.04 to repair and keep the premises in a fit and habitable condition.
 {¶ 14} Robinson involved the duty owed in the landlord/tenant relationship, not the business owner/invitee relationship at issue here. The issue was narrow: "whether a landlord's statutory duty under R.C.5321.04(A)(2) is excused if a hazardous condition results from the landlord's efforts to comply with that statute." In light of the narrowness of the issue, and the Supreme Court's further finding inRobinson that "the `open and obvious' doctrine is still viable in Ohio," id. at ¶ 24, we decline to extend Robinson to cases involving the common-law duty of a business owner to its invitee.
 {¶ 15} Thus, we are bound by this court's decision inKirchner, in which this court held that summary judgment may be granted in cases where Building Code *Page 9 
violations are open and obvious, because the open-and-obvious nature of the defect obviates the premises owner's duty to warn. We emphasize, however, that even in the context of the business owner/invitee relationship, an open-and-obvious defect in violation of the Building Code may, in some cases, raise an issue of fact sufficient to require submission of the open-and-obvious question to the jury. To take literally the language of Kirchner and apply it to all cases where there are open-and-obvious Building Code violations could result in the anomalous result of no liability upon business or landowners who, with no regard for the safety of others, obdurately refuse to fix serious violations, secure in the knowledge that their maximum exposure is a citation or fine, the open-and-obvious nature of the violation insulating them from any liability whatsoever. See Uddin v. EmbassySuites Hotel, 113 Ohio St.3d 1249, 2007-Ohio-1791, at ¶ 16 (O'Connor, J., dissenting).
 {¶ 16} In this case, however, there is no evidence whatsoever in the record to demonstrate that any alleged Building Code violation caused or contributed to Johnson-Steven's fall. There is no evidence in the record that the angle of the ramp contributed to her fall and no evidence that she reached for a handrail when she fell or that a handrail would have prevented her fall. Johnson-Steven testified that as she left the convenience store, she tripped and lost her balance when she stepped on a small piece of asphalt. Because the condition that caused her fall was open and obvious, despite any alleged Building Code violation, the trial court properly granted summary judgment to Broadway Sunoco. *Page 10 
Affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J., CONCURS.
ANN DYKE, J., CONCURS IN JUDGMENT ONLY.
[1] Where the danger is open and obvious, the premises owner owes no duty of care to individuals lawfully on the premises. The open and obvious nature of the hazard itself serves as a warning, and the owner or occupier may reasonably expect that persons entering the premises will discover the danger and take appropriate measures to protect themselves. Armstrong v. Best Buy, 99 Ohio St.3d 79, 2003-Ohio-2573, at1J5. *Page 1