TIM McCORMACK, J.:
{¶ 1} Plaintiffs-appellants Robin and Mark Vadaj appeal the trial court's granting of summary judgment in favor of defendants-appellees Shane M. French and Michael W. Toomey. For the following reasons, we affirm.
Procedural History and Substantive Facts
{¶ 2} On July 4, 2013, Robin and Mark Vadaj, members of Olde River Yacht Club in Cleveland, Ohio, were on their boat that they kept docked at the club. They had come to the club to watch the city of Cleveland's fireworks show that evening from their boat. After the fireworks show ended, at approximately 11:30 p.m., the Vadajes retired to their cabin and went to bed.
{¶ 3} Mrs. Vadaj alleged that she and her husband were awakened at approximately 3:00 a.m. by the sound of an "explosion." The Vadajes got out of bed and proceeded to the stairs to exit the cabin. They did not turn on any lights, as they normally would do upon getting out of bed. Mr. Vadaj ascended the stairs and went to the back deck of the boat. Mrs. Vadaj stated that the explosion startled her. She jumped up out of bed, began to run up the stairs, and she hit her left foot on a step, causing a metatarsal fracture. She explained *76 that she did not see the step because it was dark. Mrs. Vadaj stated that she did not know what the loud sound was until she was out of the boat's cabin and on the deck.
{¶ 4} Once on the deck, Mrs. Vadaj was able to determine that the source of the sound was fireworks being set off in a grassy picnic area near the boat docks. She observed two people in the picnic area setting off fireworks in a "fairly hard" rain. The two individuals were later identified as defendants-appellees French and Toomey. The Vadajes allege that the picnic area was approximately 20 feet from their boat; however, French and Toomey contend that the fireworks were ignited more than 40 feet from the Vadajes' boat. Mrs. Vadaj stated in her deposition that because it was raining so hard, one of the fireworks landed on the boat's aft deck.
{¶ 5} The Vadajes filed a complaint against French and Toomey for the injury Mrs. Vadaj incurred in hitting her foot on the stairs in her boat's cabin, as well as a claim of the loss of consortium allegedly suffered by Mr. Vadaj.[1] French and Toomey filed motions for summary judgment, which the trial court granted. The Vadajes now appeal the trial court's judgment, contending that there are genuine issues of material fact that remain to be litigated and the trial court erred in granting the defendants-appellees' motions.
Summary Judgment
{¶ 6} Summary judgment is appropriate when: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C). Once a moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the moving party's pleadings; rather, it has a reciprocal burden of setting forth specific facts demonstrating that there is a genuine triable issue. State ex rel. Zimmerman v. Tompkins , 75 Ohio St.3d 447, 449, 663 N.E.2d 639 (1996).
{¶ 7} We review the trial court's judgment de novo. Telecom Acquisition Corp. I v. Lucic Enters. , 2016-Ohio-1466, 62 N.E.3d 1034, ¶ 86, citing Grafton v. Ohio Edison Co. , 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).
Law and Analysis
{¶ 8} The Vadajes allege on appeal that the trial court erred in granting summary judgment in favor of both French and Toomey. In support, the Vadajes claim that there is a genuine issue of material fact regarding whether French and Toomey owed a duty to the Vadajes and whether the defendants-appellees' actions caused Mrs. Vadaj's injury. The Vadajes also claim that French's and Toomey's violation of the Ohio Administrative Code is evidence of negligence and, therefore, summary judgment was improper. In response, appellees assert that they owed no duty to the Vadajes. They also assert that their actions were not the proximate cause of Mrs. Vadaj's injury; rather, Mrs. Vadaj's own negligence caused her injury.
{¶ 9} In order to establish negligence between private parties, a party must show (1) a duty owed, (2) a breach of that duty, and (3) an injury proximately resulting from that breach. Texler v. D.O. Summers Cleaners & Shirt Laundry Co. , 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998) ; Menifee v. Ohio Welding Prods., Inc. , 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). A trial court properly grants summary *77 judgment in a negligence action "[w]hen the defendants, as the moving parties, furnish evidence which demonstrates the plaintiff has not established the elements necessary to maintain [a] negligence action." Feichtner v. Cleveland , 95 Ohio App.3d 388, 394, 642 N.E.2d 657 (8th Dist.1994), citing Keister v. Park Centre Lanes , 3 Ohio App.3d 19, 443 N.E.2d 532 (5th Dist.1981).
{¶ 10} The absence of any one of the elements necessary to maintain a negligence action renders a plaintiff's claim of negligence insufficient as a matter of law. Hairston v. Gary K. Corp. , 8th Dist. Cuyahoga No. 87199, 2006-Ohio-5566, 2006 WL 3030880, ¶ 7, citing Jeffers v. Olexo , 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989). Specifically, " '[i]f there is no duty, then no legal liability can arise on account of negligence. Where there is no obligation of care or caution, there can be no actionable negligence.' " Jeffers at 616, quoting 70 Ohio Jurisprudence 3d, Negligence, Section 13, 53 - 54 (1986).
{¶ 11} In Ohio, "duty" is " 'the relationship between the plaintiff and the defendant from which arises an obligation on the part of the defendant to exercise due care toward the plaintiff.' " Wallace v. Ohio DOC , 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 23, quoting Commerce & Indus. Ins. Co. v. Toledo , 45 Ohio St.3d 96, 98, 543 N.E.2d 1188 (1989). The existence of a duty depends on the foreseeability of the injury. Menifee at 77, 472 N.E.2d 707. And the test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance of an act. Id. ; see also Texler at 680, 693 N.E.2d 271. The determination of whether a duty exists is a question of law. Mussivand v. David , 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).
{¶ 12} Similar to the element of duty, the concept of proximate cause is dependent upon the notion of foreseeability. Hunt v. Marksman Prods. , 101 Ohio App.3d 760, 763, 656 N.E.2d 726 (9th Dist.1995) ; Mussivand at 321, 544 N.E.2d 265 (stating that in order to establish proximate cause, "foreseeability must be found"). Proximate cause is
"[t]hat which immediately precedes and produces the effect, as distinguished from a remote, mediate, or predisposing cause; that from which the fact might be expected to follow without the concurrence of any unusual circumstance; that without which the accident would not have happened, and from which the injury or a like injury might have been anticipated." * * *
Jeffers at 617, quoting Corrigan v. E.W. Bohren Transport Co. , 408 F.2d 301, 303 (6th Cir.1968). Stated differently, in order to warrant a finding of proximate cause, the injury must be "the natural and probable consequence of the negligence alleged" and it "ought to have been foreseen in the light of the attending circumstances." Nagy v. Wallis , 8th Dist. Cuyahoga No. 66989, 1995 WL 248524, 2 (Apr. 27, 1995). Proximate causation answers the question of whether a defendant should be legally responsible for an injury. Hunt .
{¶ 13} In construing the evidence most strongly in favor of the Vadajes, as we are required to do, we find no duty owed by the appellees, because Mrs. Vadaj's injury was not foreseeable. The record shows that French and Toomey were lighting fireworks in a picnic area next to the boat docks of the Olde River Yacht Club on a rainy night. Mrs. Vadaj was asleep inside the cabin of her boat, which was docked 20 to 40 feet from the picnic area. She remained inside the cabin until she awoke to a loud "explosion." She was injured only when attempting to exit the *78 boat's cabin in the dark. We find that under the circumstances, a reasonably prudent person would not have anticipated that an injury to Mrs. Vadaj, who was asleep inside the cabin when the fireworks were discharged, was likely to result from the appellees' discharging of fireworks on the shore, especially in light of the fact that there is no evidence that she was injured by the fireworks.
{¶ 14} Moreover, Mrs. Vadaj's injury does not appear to be the natural and probable consequence of the appellees' discharging fireworks. Rather, by her admission, Mrs. Vadaj's own negligence caused her injury.
{¶ 15} Mrs. Vadaj asserts that the sound of an explosion awakened her, yet she was not aware of the cause of the purported explosion until she reached the boat's deck. She stated that she "heard the explosion, saw [French and Toomey], saw the fireworks go off and that was it." She then returned to the cabin.
{¶ 16} Mrs. Vadaj was asked during her deposition, "How did you injure yourself?" She replied that she "jumped up and I hit my foot on the step." When asked to describe exactly how she hit her foot, she explained that she "was running and I just hit [the step] trying to * * * look out or get up." When asked for further detail, Mrs. Vadaj stated, "I don't recall. I just hit it." Mrs. Vadaj stated that she and her husband both jumped up and he made it up the stairs and onto the deck before her. Finally, Mrs. Vadaj explained that she did not see the step because it was dark and she did not turn on any lights when she awakened:
Q: What's the lighting like in the area where that step is?
A: It's dark.
Q: Is there a reason that you didn't see the steps?
A: Yeah, because it's dark. We usually turn the lights out when we sleep.
Q: And if you have to get up during the night to get some water or something, do you normally turn the lights on?
A: Yes.
Q: Or can you go up the steps without a light?
A: No. There [are] light switches everywhere that you turn on.
{¶ 17} Under the foregoing circumstances, we find that reasonable minds can only reach one conclusion and that conclusion is that any negligence on the appellees' part was not the proximate cause of Mrs. Vadaj's metatarsal fracture. According to her testimony, Mrs. Vadaj typically turns on the lights when she gets out of bed, as there are light switches "everywhere," and she does not ascend the stairs without turning the lights on. In this case, however, by her own admission, she chose not to turn the lights on, and she followed her husband up the stairs, despite not being able to see the steps. Thus, while the fireworks arguably awakened her from sleep, it was Mrs. Vadaj's decision to ascend the stairs in the dark that caused her to hit her foot on a step that she could not see. Mrs. Vadaj's injury is therefore not the "the natural and probable consequence" of the discharge of the fireworks that "ought to have been foreseen" in light of the foregoing circumstances. Nagy , 8th Dist. Cuyahoga No. 66989, 1995 WL 248524, 2 (Apr. 27, 1995).
{¶ 18} The Vadajes also state that French admitted in his deposition that he did not have a license or permit to discharge fireworks on the night in question and "such administrative violation" creates a genuine issue of material fact regarding French's negligence (applying the same argument to Toomey). However, while French admitted to entering a plea agreement *79 in relation to charges filed against him, including illegal use of fireworks, there is no evidence properly before this court that the appellees violated Ohio Adm.Code 1301:7-7-33, governing explosives and fireworks.
{¶ 19} Even if that evidence was presented, the violation of an administrative rule does not create a per se finding of a duty and breach of that duty. Rather, such a violation could be admissible as some evidence of negligence. Lang v. Holly Hill Motel, Inc. , 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 21 ; Chambers v. St. Mary's School , 82 Ohio St.3d 563, 568, 697 N.E.2d 198 (1998). While a violation "can show a defendant has a duty toward a plaintiff and [he] breached that duty, * * * a plaintiff must still prove the specific violation proximately caused the plaintiff's injuries." Rundio v. Dublin Senior Community Ltd. Partnership, 10th Dist. Franklin No. 06AP-489, 2006-Ohio-6780, 2006 WL 3743850, ¶ 22. As discussed previously, we find that appellees owed no special duty toward the Vadajes and, furthermore, any negligence on their part was not the proximate cause of Mrs. Vadaj's injury.
{¶ 20} Accordingly, construing the facts in a light most favorable to the Vadajes, as we must, we find there are no genuine issues of material fact and appellees are entitled to judgment as a matter of law.
{¶ 21} Judgment affirmed.
MARY EILEEN KILBANE, P.J., and MARY J. BOYLE, J., CONCUR

The claims against other defendants have been dismissed.